[Cite as *Givens v. Shadyside*, 2022-Ohio-1051.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE EX REL. GREG P. GIVENS ET AL.,

Petitioner-Appellant,

v.

VILLAGE OF SHADYSIDE, OHIO ET AL.,

Respondents-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0027

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CV 0301

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

Greg P. Givens, *Pro Se,* P.O. Box 117, Bellaire, Ohio 43906, Petitioner-Appellant and

*Atty. Gregory A. Beck,* and *Atty. Mel L. Lute, Jr.,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, Ohio 44720, for Respondents-Appellees.

Dated:  March 24, 2022

**D'Apolito, J.**

{¶1}    Petitioner-Appellant, Greg P. Givens, acting pro se, appeals the entry of summary judgment by the Belmont County Common Pleas Court in favor of Respondents-Appellees, Village of Shadyside, Ohio, Mayor Robert A. Newhart, and Code Administrator Joe Klug ("Appellees"), and against Appellant and Relators, Dennis A. Givens and Carol L. Givens[1], in this mandamus action. This action was filed in response to the Code Administrator's declaration that Relators' property constitutes a public nuisance and the corresponding abatement order. The trial court concluded that mandamus does not lie, because an adequate remedy at law exists in the form of an administrative appeal of the Code Administrator's declaration and abatement order.

{¶2}    In this appeal, and among other procedural arguments, Appellant contends that the Village failed to comply with its own ordinances, which codify the procedure required to declare property within the Village a nuisance and to order abatement. Appellant contends that the owners of the property were not properly notified of the Code Administrator's determination, and as a consequence, could not avail themselves of the administrative appeal.  The pro se verified petition seeks the issuance of a writ "directing the Village * * * to restore the statutory be [sic] process rights of Petitioners and family and discontinue the proceedings commenced on, and to determine whether respondent will order a forced eviction or abatement upon petitioners over the objection of Petitioners."

{¶3}    This matter was previously before us in 2020 after the trial court sustained the Village's Civ. R. 12(b)(6) motion predicated upon the same grounds, that is, there exists an adequate remedy at law.  In the absence of evidence that the Village had complied with the various procedural ordinances cited by Appellant, we found that the trial court's dismissal of the mandamus action was premature, as Appellant could prove that there was no adequate legal remedy due to the lack of proper notice.  *State ex rel. Givens v. Shadyside*, 7th Dist. Belmont No. 20 BE 0001, 2020-Ohio-4826, ¶ 13 ("*Givens I*").

---

[1] Petitioners, Dennis A. Givens and Carol L. Givens did not join in this appeal.

{¶4} We remanded the mandamus action but affirmed the trial court's dismissal of an alternative writ of prohibition, as no prior hearing was required to make the initial public nuisance determination, and therefore, no quasi-judicial action was undertaken by the Village. *Id.* at ¶ 29. Because the record before us demonstrates that the Village complied with the notice provisions set forth in the relevant ordinance, the entry of summary judgment by the trial court is affirmed.

## LAW

{¶5} "[A] writ of mandamus is an extraordinary remedy which should be exercised * * * with caution and issued only when the right is clear." *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. "Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) relator has no adequate remedy at law." *Henderson v. Vivo,* 7th Dist. Mahoning No. 19 MA 0053, 2020-Ohio-698, ¶ 5, citing *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶6} The failure to exhaust administrative remedies that were available in the ordinary course of law bars extraordinary relief in mandamus. *State ex rel. Voleck v. Powhatan Point*, 7th Dist. Belmont No. 08-BE-33, 2010-Ohio-615, ¶ 11, aff'd, 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 11. The failure to exhaust administrative remedies is an affirmative defense, but if the facts are undisputed it constitutes a question of law that is reviewed de novo. *Clagg v. Baycliffs Corp.,* 82 Ohio St.3d 277, 695 N.E.2d 728 (1998).

{¶7} Exceptions to the exhaustion requirement have been found when no administrative remedy is available that can provide the requested relief and resorting to the remedy would be "wholly futile." *State ex rel. Cotterman v. St. Mary's Foundry*, 46 Ohio St.3d 42, 44, 544 N.E.2d 887 (1989). However, Appellant does not deny the existence of the administrative appeal process, nor does he suggest that such an appeal would be futile. He merely contends that Relators could not file an appeal because they did not receive the statutory-required notice.

**{¶8}** We determined in *Givens* I, that this matter is governed by Shadyside Codified Ordinances 1329.02, 1329.03, and 1329.05. Section 1329.02 sets out the procedures the Village must undertake in order to declare a property a public nuisance and to order abatement. The section provides, in relevant part:

> Whenever the Code Administrator suspects the existence of a public nuisance as defined within Section 1329.01, he shall promptly cause to be inspected the premises on which he suspects such public nuisance exists. Should the Code Administrator find that a public nuisance does exist, he shall have photographs made of such nuisance along with a written report of such nuisance, date of photographs and inspection of property filed within his office.

**{¶9}** Section 1329.03 details the requirements for proper service of the requisite notice:

> The notice to abate the nuisance shall be served either personally or by mailing a copy to such owner at his usual place of residence, by certified mail with return receipt requested. If service of the written notice is not perfected by the hereinbefore described methods, then the Code Administrator shall cause such notice to be published in a newspaper of general circulation in the Municipality once a week for two consecutive weeks and shall further cause a copy of the aforesaid notice to be left with the person, if any, in possession of the premises, or if there is no person in possession thereof, shall cause a copy of the notice to be attached to the property.

**{¶10}** The third ordinance cited in *Givens* I, Section 1329.05, describes the resident's right to appeal the nuisance determination. The ordinance provides, in relevant part:

> The owner may, within ten days after completion of service of the notice to abate the nuisance, make a demand in writing to the Code Administrator for

a hearing on the question of whether in fact a public nuisance, as defined within Section 1329.01, exists. The hearing shall be held within ten days following receipt of the written demand and at least two days [sic] notice in writing shall be given to the owner, Mayor, [sic].

**{¶11}** Although not cited in *Givens* I, but explaining certain actions undertaken by Appellant and the Village in this appeal, Section 1329.04, captioned "RIGHT TO MAKE IMMEDIATE REPAIRS; SPECIAL PERMIT," reads, in its entirety:

Upon being served notice, the owner may make immediate application in writing or in person to the Code Administrator for a special building permit to undertake the repair or replacement of items found to constitute a public nuisance.

Adequate plans and specifications covering the repairs or replacements shall be furnished by the owner, if required by the Code Administrator, within fifteen days.

The Code Administrator shall, upon approval of the plans and specifications, cause a special building permit to be issued to the owner. The special building permit shall be for a period of thirty days and within thirty days the owner shall effect and complete the repairs and/or replacements. The Code Administrator may grant extension to the special building permit if the owner shows reason or cause for the requested extension.

## FACTS AND PROCEDURAL HISTORY

**{¶12}** Following remand on September 28, 2020, the trial court set this matter for a scheduling conference on November 29, 2020. At the conference, the trial court set a dispositive motion deadline for February 26, 2021, and the matter was referred to mediation. On January 27, 2021, the Village filed its motion for summary judgment.

**{¶13}** On February 12, 2021, Appellant filed a motion for a continuance to seek further discovery and for an extension of time to respond to the motion for summary

Case No. 21 BE 0027

judgment, a motion to set a trial date, and a memorandum in response to the motion for summary judgment.  At a scheduling conference conducted on March 2, 2021, the discovery deadline was extended to May 28, 2021, and oral argument on the pending motions was scheduled for June 4, 2021.

{¶14}  On May 24, 2021, Appellant filed a "Motion to Allow Evidence Forthcoming in Cross-Plea in the Interest of Justice, in Belmont County Common Pleas Case No(s) 19-DR-0223; and 19-DR-0224; and for Continuance or Extension of Time for Judge John A. Vavra to Rule on Petitioner [sic] Motion(s) to Complete Discovery, Discovery Conflict." In the motion, Appellant asserts:

> The parties need the opportunity (1) to allow adequate time to prepare for depositions and further evidence; (2) Defendant [sic] respectfully request [sic] sufficient time for the Honorable Judge John A. Vavra to Rule on Court Record essential to the discovery of Petitioner(s) in this case;  subpoena witnesses in preparation; and that which anticipant may come forward; (3) to advance issues at pre-trial;  (4) to prepare appropriate and sufficient evidence at trial, and for further venue to promote issues in accordance with the rule of law.

(5/24/2021 Mot., p. 2.)

{¶15}  By way of a journal entry dated June 1, 2021, the trial court rescheduled oral argument from 11:00 a.m. to 10:00 a.m. on June 4, 2021.  The trial court explained in the journal entry that the time change was predicated upon notice to the trial court that Klug, who had been subpoenaed to appear at the hearing by Appellant, was scheduled to be a pallbearer at a funeral scheduled for 11:00 a.m. that day.

{¶16}  Oral argument was held on June 4, 2021. Appellant was present and acted pro se.  There is no hearing transcript in the record.  By judgment entry dated June 14, 2021, the trial court summarily sustained the Village's motion for summary judgment and overruled Appellant's outstanding motions.

{¶17}  Turning to the facts in this case, the sole attachment to the Village's motion for summary judgment is the affidavit of Klug, the Village's Code Administrator.  According

to Klug's affidavit, the property at issue, 3735 Highland Avenue, became "overgrown, unkempt and presented a hazard to neighboring residences in violation of [Ordinance No. 1329.01]." (Klug Aff., ¶ 2.)  On or about May of 2019, Klug "reviewed and analyzed the property * * * and determined there were numerous code violations." (*Id.* at ¶ 3.)  Klug photographed the property and "prepared a written report to be presented to the Village council." (*Id.* at ¶ 4.)

{¶18}  Next, Klug opines that he issued a notice "perfecting both personal and mail service to the owners of the residence, Carol and Dennis Givens[2]," and that "service was perfected by publication on July 22, 2019, and notice was sent to the owners were [sic] sent via certified mail on July 15, 2019 and again on August 19, 2019." (*Id.* at ¶ 5, 7.)  Klug further opines that "[t]he particular requirements of Ordinance 1329.01 and 1329.03 were meticulously adhered to and complied with by the Village." (*Id.* at ¶ 6.)

{¶19}  Two "Notice[s] of Public Nuisance" with identical content are attached to the Klug affidavit.  The first is addressed to Greg Givens at a P.O. Box in Bellaire, Ohio and is dated July 15, 2019.  The second is addressed to "[a]ny Owner(s) or Person(s) in Possession and Control of the Premises Located at 3537 Highland Avenue, Shadyside, OH 43947," and is dated July 17, 2019.  According to two certified mail receipts attached to the Klug affidavit, the notice sent to the Bellaire P.O. Box address on July 15th was returned "unclaimed, unable to forward," as was a second notice apparently sent to the same P.O. Box in August.  There are no return receipts for the certified mail purportedly sent to Carol and Dennis Givens attached to the Klug affidavit.

{¶20}  The notices sent to Greg Givens read, in pertinent part:

The grass at the premises has not been mowed for a significant period of time.  The trees and shrubs around the house are overgrown and are growing wildly about the premises.  There are four (4) junk vehicles and several dumpster loads of garbage on the premises.  The back porch is filled with garbage.

---

[2] According to the Belmont County Auditor's website, the property at issue is owned by Joseph V. Givens and Mary M. Givens.  Both are deceased.  Dennis is their son, and Greg is Dennis' son. Carol is Greg's mother. However, the term "owner," as defined in Section 1329.01, includes an "other person, firm or corporation in control of a building."

The house is in complete disrepair. The roof above the front porch is falling down. There are several gutters falling down as well. The premises is a haven for snakes and rats.

The condition of the house is detrimental to the general health of the surrounding property owners. The condition of the house makes it unsafe for occupancy or use. Moreover, the premises is a blight on nearby properties to such an extent that it is harmful to the neighborhood.

Since the premises is deemed a public nuisance, you are hereby notified that unless you cause the abatement of this public nuisance, by repair or removal, the same shall be abated by the Village at your expense. Such abatement shall start within fifteen (15) days after service of this notice, and shall be completed within forty-five (45) days, or such additional time, verified in writing, which I may find advisable.

You will need to make an application in writing or in person to me for a special building permit to undertake the abatement of the public nuisance pursuant to Codified Ordinance 1329.04.

{¶21} Also attached to the Klug affidavit is an invoice from the classified/legal advertising department of the Times-Leader dated July 18, 2019. The invoice reflects that the content of the notices was published in the public notice section of the newspaper from July 22, 2019 through July 29, 2019. The invoice reflects that the notice ran for eight consecutive days, thereby fulfilling the "once a week for two consecutive weeks" requirement of Section 1329.03.

{¶22} Finally, correspondence from Klug to Greg Givens dated August 13, 2019 and September 24, 2019 are attached to the Klug affidavit. The correspondence indicates that Appellant commenced the process described in Section 1329.04 to abate the nuisance.

{¶23} In the August 13th correspondence, Klug requests additional information from Givens regarding Given's abatement. Klug informs Givens that his proposed contractor is not a licensed contractor in the Village. This letter appears to be a response

to a July 29, 2019 document submitted by Appellant to the Village, which is attached to the verified petition and is captioned "ESTIMATE REPAIR."

**{¶24}** The August 13th correspondence from the Village appears to be a response to a July 26, 2019 "To Whom It May Concern" letter from Appellant, which is attached to the verified petition and reads in its entirety:

> This is to address the following issues in reference to our response to code administrator letter dated July 17, 2019, Notice of Public Nuisance, Joe Klug, Code Administrator, left on doorstep.
>
> RE: 3735 Highland Avenue, Shadyside, OH 43947
>
> The following issues are being addressed:
>
> The yard is currently in the process of being cleaned up and groomed.
>
> A State and federally recognized Assessor has determined that any environmental conditions on or near the property DO NOT now pose any threat to environmental or other hazards.
>
> Several contractors have been engaged for both trees and the porch/roof area for work detail.
>
> An exterminator has come around to the property and determine [sic] that there are NO rats or snakes, or any other threats to surrounding property owners.
>
> Any/all other matters reference are currently being addressed.

**{¶25}** The September 24th correspondence reads, in pertinent part:

> You previously responded to my Notice with a letter dated July 6, 2019 (your "Letter") stating, in part, that "The yard is currently being cleaned up and groomed," and "Several contractors have been engaged for both the trees and the porch/roof area for work detail." You also indicated that: "Any/all

matters reference (sic) are currently being addressed." Nearly two months have passed since you sent your Letter, however, none of the conditions addressed in the Notice have been abated.

By correspondence dated August 13, 2019, I made a request for additional information to support issuance of a building permit for you to proceed with contracted arrangements you claim to have secured. In light of the authority provided under Section 1329.04 of the Village's Codified Ordinances, I have reconsidered the request for additional information. Under the authority of Section 1329.04, this will serve as a special permit ("Permit") for you to proceed with the abatement of each condition set forth in the Notice.

{¶26} The pro se verified petition was filed on August 5, 2019. In the petition, Relators aver that they had "only recently received inadequate notice, anonymously thrown haphazard [sic] around the front porch of 3735 Highland Avenue, from the 'Village of Shadyside, Ohio, 'Mayor Robert A. Newhart', signed by 'code administrator, Joe Klug' (a.k.a. Joseph Klug), apparently giving notice of Abatement, dated July 17, 2019, to the same, addressed to no one specific." (Pet., at p. 3-4.)

{¶27} Several documents are attached to the verified petition including: (1) the Notice of Public Nuisance addressed to "[a]ny Owner(s) or Person(s) in Possession and Control of the Premises Located at 3537 Highland Avenue, Shadyside, OH 43947," dated July 17, 2019, as well as the envelope which bears no postage; (2) a document captioned "ESTIMATE REPAIR"; (3) a complaint investigation questionnaire dated July 20, 2019 and filed with the Belmont County Prosecutors Office by Appellant. Appellant alleges that Klug trespassed on Appellant's property in the twenty-four hour period between July 16 and 17, 2019, was seen "doing damage to tail lights, regulated tarps," and entered Appellant's home "through an enclosed, locked back door." The questionnaire alleges that Dennis Givens was hospitalized as a result of the incident; and (4) a second complaint investigation questionnaire dated July 22, 2019, in which Appellant alleges that he was "harassed and discouraged" by the Shadyside Police Department after he filed the original questionnaire.

{¶28} Three attachments are appended to the opposition brief to the motion for

summary judgment. The first attachment is the affidavit of Carol Givens dated February 11, 2021. In her affidavit, Carol attests that she never received the "Notice of Public Nuisance" by certified mail or by publication. The second attachment consists of undated photographs of the property, which reveal that the lawn had been trimmed. The third attachment is a 1923 primer captioned, "The Law and Practice in Error Proceedings and in Original Actions in the Supreme Court of Ohio."

## SUMMARY JUDGMENT STANDARD

{¶29} This appeal is from a trial court judgment resolving a motion for summary judgment. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶30} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

Case No. 21 BE 0027

**{¶31}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## ANALYSIS

**{¶32}** Like his pro se appellate brief in *Givens* I*,* Appellant's pro se brief in this appeal fails to comply with App.R. 16(A)(6), which requires an appellant to provide a statement of facts. Appellant's "statement of facts" is again comprised of conclusory, argumentative statements. Appellant also failed to comply with App.R. 16(A)(7), which requires arguments in support of each assignment of error. Appellant sets forth factual arguments unsupported by the record, as well as unrelated case citations, in lieu of facts from the record and legal arguments.

**{¶33}** "A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants." *Bryan v. Johnston*, 7th Dist. Carroll No. 11 CA 871, 2012-Ohio-2703, ¶ 8, *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). "Although a court may, in practice, grant a certain amount of latitude toward pro se litigants, the court cannot simply disregard the Rules of Civil Procedure in order to accommodate a party who fails to obtain counsel." *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. Mahoning No. 08 MA 111, 2009-Ohio-1021, ¶ 30, *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶ 5. "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs.*, at ¶ 31, citing *Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos .2007-T-0036, 2007-T-0064, 2007-Ohio-6939, at ¶ 27. (Internal citations omitted.)

**{¶34}** Appellant advances six assignments of error that are grouped together by subject matter for the purpose of ease of analysis and judicial economy.

Case No. 21 BE 0027

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT ERRED IN THE INSTANT JOINDER OF PETITIONER BELMONT COUNTY CASE NO. 19-CV-301 AT TRIAL WITH BELMONT COUNTY CASE NO. 19-CV-268, AND WITHOUT PROPER NOTICE, MOTION HEARING, OR OPPORTUNITY FOR PRIOR OBJECTION ON JUNE 4, 2021.**

## ASSIGNMENT OF ERROR NO. 6

**TRIAL COURT/RECORDER ERRED IN DENIAL OF ACCESS TO TRANSCRIPT OF ADJOINED BELMONT COUNTY CASE NO. 19-CV-268 WITH 19-CV-301.**

**{¶35}** In his first and sixth assignments of error, Appellant challenges the trial court's joinder of 19-CV-268 with the above-captioned case, and correspondingly, his inability to acquire a transcript of the jury trial in 19-CV-268. However, there is no journal or judgment entry in the record consolidating this case with any other civil case. Further, a search of the Belmont County public records reveals that 19-CV-268, captioned *Stevens v. Yavelak,* does not involve any of the parties to the above-captioned case. Likewise, there is no journal or judgment entry consolidating the two cases on the docket for 19-CV-268.

**{¶36}** At oral argument, Appellant explained that the trial court was conducting the jury trial in 19-CV-268 on June 14, 2021, and took a short recess to hear oral argument in the above-captioned case. We recognize that trial courts frequently interrupt trial proceedings to address other unrelated matters on the trial court's docket. The matters are treated separately, even though they are addressed on the same day, and are not joined or consolidated as a result of the trial court's schedule. Therefore, Appellant's first assignment of error, to the extent that it is predicated upon the "joinder" of this case with 19-CV-268, has no merit.

**{¶37}** It can be gleaned from Appellant's statement at oral argument before us that he sought a copy of the transcript from the jury trial in 19-CV-268 based on the misapprehension that the jury trial transcript would contain within it the transcript of the

oral argument in this case. Insofar as the transcript from the jury trial in 19-CV-268 would not contain any reference to this appeal, Appellant cannot demonstrate that he suffered any prejudice based upon his inability to acquire the requested transcript.

**{¶38}** Although not a part of his stated first assignment of error, Appellant further contends in the body of his brief that the funeral, upon which the time change of the oral argument hearing on June 4, 2021 was predicated, was a ruse to prevent Appellant from attending the hearing. Appellant argues in his appellate brief that Klug was not wearing funeral attire at the hearing. Appellant likewise questions the trial court's assertion that Appellant could not be immediately reached by telephone in order to notify him of the time change. However, Appellant suffered no prejudice as he was present at the oral argument hearing.

**{¶39}** Appellant has failed to show that this case was improperly consolidated with another civil case, that he suffered any prejudice as a result of his inability to acquire a copy of the trial transcript in 19-CV-268, or that he suffered any prejudice as a result of the oral argument being advanced by one hour on June 4, 2019. Accordingly, we find that Appellant's first and sixth assignments of error have no merit.

## ASSIGNMENT OF ERROR NO. 2

**TRIAL COURT ERRED IN FAILURE TO ADHERE TO, AND OBEY, HIGHER COURT MANDATE OF SEVENTH DISTRICT COURT OPINION, ISSUED SEPTEMBER 28, 2020.**

**{¶40}** Appellant alleges that the trial court did not adhere to our mandate in *Givens I*, but provides no explanation of the trial court's alleged failure to adhere to the mandate. This matter was remanded based on a lack of evidence in the record demonstrating that the Village provided statutory notice of the public nuisance thereby establishing an adequate remedy at law, that is, an administrative appeal. On remand, the trial court reopened discovery, set a dispositive motion deadline, and resolved the issue on summary judgment. Therefore, we find that Appellant's second assignment of error has no merit, as the trial court fully complied with the remand order in *Givens I*.

## ASSIGNMENT OF ERROR NO. 3

**TRIAL COURT'S [SIC] ERRED IN DISMISSAL OF PETITIONER-APPELLANT'S COMPLAINT FOR REASONS AND PREJUDICES STATED IN FINAL ORDER OF JUNE 4, 2021, AND IN GRANTING OF DEFENDANTS' [SIC] [RESPONDENTS'] MOTION FOR SUMMARY JUDGMENT, AND WITHOUT PROPER HEARING, OPPORTUNITY FOR TESTIMONY TO CALL READY IN-ATTENDANCE EYE-WITNESSES, TIME, AND OPPORTUNITY FOR CROSS-EXAMINATION OF EVIDENCE.**

## ASSIGNMENT OF ERROR NO. 4

**TRIAL COURT'S [SIC] ERRED IN DENYING PETITIONER-APPELLANT'S MOTION(S), TRANSCRIPT, AND PETITION FOR WRIT OF MANDAMUS, OR IN THE ALTERNATIVE PROHIBITION.**

**{¶41}** In Appellant's third and fourth assignments of error, he challenges the trial court's entry of summary judgment on the writ of mandamus and the writ of prohibition. We affirmed the trial court's dismissal of Appellant's writ of prohibition in *Givens I*, and Appellant's time to file an application for reconsideration regarding the dismissal of the writ pursuant to App.R. 26(A)(1) has expired. Accordingly, we decline to reconsider our conclusion with respect to the writ of prohibition.

**{¶42}** With respect to the writ of mandamus, Klug attests in his affidavit that the Village "perfect[ed] both personal and mail service to the owners of the residence, Carol and Dennis Givens," and that "service was perfected by publication on July 22, 2019, and notice was sent to the owners were [sic] sent via certified mail on July 15, 2019 and again on August 19, 2019." (*Id.* at ¶ 5, 7.) However, no return receipt from the July 15th and August 19th certified mail service to any of the Relators is included in the record.

**{¶43}** Further, the Carol Givens affidavit attached to the opposition brief to the motion for summary judgment directly contradicts Klug's averment regarding personal service. Carol Givens attests in her affidavit that she has "never received notice pursuant to Local Ordinance 1329.03, etcetera, or ever been served as the 'owner' of the

residence, located at: 3735 Highland Avenue, Shadyside, OH 43947, by Village Code Administrator * * * at anytime [sic], by personal service, mail, or by any other means, as outlined in the [Klug] Affidavit." (Givens Aff. at ¶ 1.)

**{¶44}** Although there is a genuine issue of material fact regarding personal service on Carol Givens, we find that the Village perfected service by publication on all parties. Section 1329.03 reads, in relevant part:

> If service of the written notice is not perfected [personally or by certified mail], then the Code Administrator shall cause such notice to be published in a newspaper of general circulation in the Municipality once a week for two consecutive weeks and shall further cause a copy of the aforesaid notice to be left with the person, if any, in possession of the premises, or if there is no person in possession thereof, shall cause a copy of the notice to be attached to the property.

**{¶45}** The receipt from the newspaper demonstrates that the Village published the notice for eight days, from July 22, 2019 through July 29, 2019. Further, Relators concede in the verified petition filed on August 15, 2019 that they had "recently received inadequate notice, anonymously thrown haphazard [sic] around the front porch of 3735 Highland Avenue, from the 'Village of Shadyside, Ohio, 'Mayor Robert A. Newhart', signed by 'code administrator, Joe Klug' (a.k.a. Joseph Klug), apparently giving notice of Abatement, dated July 17, 2019, to the same, addressed to no one specific." (Pet., at p. 3-4.)

**{¶46}** Based on the foregoing evidence in the record, we find that the Village perfected service by publication of the Notice and that mandamus is not available due to the existence of an adequate remedy at law, that is, an administrative appeal to the Village. We further find that Appellant's third and fourth assignments of error have no merit.

**{¶47}** Appellant further argues in the third assignment of error that the motion for summary judgment was granted "without proper hearing, opportunity for testimony to call ready in-attendance eye-witnesses, time, and opportunity for cross-examination of evidence." (Appellant's Brf., p. 10). Appellant's argument is predicated upon a misunderstanding of Civ.R. 56.

{¶48} A motion for summary judgment is filed at the close of discovery, after written discovery materials have been exchanged and depositions have been taken. The moving party seeks summary judgment based on two suppositions, first, that no material facts at issue in a case are in dispute, and second, that the law as applied to the undisputed facts should result in judgment for the moving party.

{¶49} Oral argument may be conducted after briefing on summary judgment is complete, and provides an opportunity for counsel for both parties to argue the salient points in their respective briefs. Because the discovery phase of the litigation has closed prior to the summary judgment phase, no additional testimony is admitted during an oral argument hearing. Further, to the extent that Appellant's argument can be read to assert that the trial court abused its discretion in overruling his motion related to the extension of discovery, he has not established any reason that depositions could not be completed within the trial court's discovery schedule.

{¶50} Because the discovery phase in this matter was complete, we find that no due process violation based upon Appellant's inability to offer additional testimony at the oral argument hearing. We further find that the second part of his third assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 5

**TRIAL COURT'S [SIC] ERRED IN ITS DISMISSAL OF PETITIONER-APPELLANT'S CLAIMS WHERE LOCAL RULES AND ENTRIES DO NOT INDICATE A CLEAR AND CONCISE DEFINITION, AND/OR CODE, VIOLATION SECTION, OF WHAT IS "CONCISE, UNAMBIGUOUS, AND SPECIFIC", AS TO PETITIONER-APPELLANT'S COMPLAINT, OR AMENDED COMPLAINT, AND THEREBY RETRACTING PETITIONER-APPELLANT [SIC] FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH AND DUE PROCESS OF LAW.**

{¶51} Appellant's fifth assignment of error contains no legal argument other than the phrase "Sic passim. Ibid." Appellant raised the identical assignment of error in *Givens I.* With respect to this assignment of error, we observed:

Appellant's arguments are unclear, particularly as these issues are not discussed within an appropriate assignment of error. Appellant also does not specify which local rules and statutory provisions on which he predicates his arguments nor does he explain how the dismissal of his action infringes on his First Amendment rights. As such, Appellants' fourth and sixth assignments of error are without merit and are overruled.

*Givens I* at ¶ 44.

**{¶52}** Appellant does not clarify his argument in this second appeal. Accordingly, we find that Appellant's fifth assignment of error has no merit.

## CONCLUSION

**{¶53}** For the foregoing reasons, we find that the Village perfected service by publication in his case, and mandamus does not lie due to the existence of an adequate remedy at law, that is, an administrative appeal of the Code Administrator's declaration and abatement order. We further find no procedural errors or due process violations in the record. Accordingly, the judgment entry of the trial court is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**