[Cite as *Wilson v. Ohio Dept. of Job & Family Servs.*, 2025-Ohio-1315.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

JOHN K. WILSON,

Appellant,

v.

OHIO DEPARTMENT OF JOBS AND FAMILY SERVICES,

Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0080**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CV 1197

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

John K. Wilson, *pro se*, Appellant and

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Caitlyn N. Johnson*, Assistant Attorney General, Health and Human Services Section, for Appellee.

Dated: April 8, 2025

**HANNI, J.**

{¶1} Appellant, John K. Wilson, appeals from a Mahoning County Common Pleas Court judgment dismissing his appeal from a state hearing decision finding that his application for "nutrition assistance" or "food stamps" was properly denied because his income was over the eligibility limits. The trial court dismissed Appellant's administrative appeal because it found that it did not have subject matter jurisdiction, or alternatively Appellant did not exhaust his administrative remedies. Because the trial court correctly found it did not have subject matter jurisdiction and Appellant did not exhaust his administrative remedies, the trial court's judgment is affirmed.

{¶2} Appellant had been receiving nutrition assistance from Appellee, the Mahoning County Department of Job and Family Services, for benefits through Ohio's Food Assistance Program. The program provides nutrition assistance to low-income individuals and families. Ohio's program is subsidized by the U.S. Department of Agriculture's Supplemental Nutritional Assistance Program (SNAP). SNAP adjusts income eligibility standards each year on October 1.

{¶3} On October 6, 2023, Appellant reapplied to Appellee for benefits. Appellee denied Appellant's application on October 31, 2023, because his income was over the eligibility limit.

{¶4} Appellant requested a state hearing, pursuant to the statutory procedure, to appeal the denial of benefits. The hearing took place on December 19, 2023. The hearing officer stated that the gross monthly standard for an individual is $1,580. The hearing officer, relying on Appellant's most recent pay periods, determined that Appellant's gross monthly income exceed the limit for benefits because he earned a gross monthly minimum of $1,629 and maximum of $1,765. Based on these findings, the hearing officer overruled Appellant's appeal.

{¶5} The state hearing decision included a notice to Appellant regarding his rights. It provided that if he disagreed with the decision, he could request an administrative appeal by one of three means - email, fax, or mail. It provided the email address, fax number, and mailing address for these options. It further provided that Appellant's request for an administrative appeal must be received within 15 days from the

mailing date of the notice of decision. The decision then stated: "Unless you request an administrative appeal, this notice is a final and binding decision about your state hearing request." Finally, it provided the contact information for Legal Aid in the event Appellant wanted assistance with an appeal.

**{¶6}** Instead of following the above procedure for an administrative appeal, approximately five months later on June 4, 2024, Appellant, acting pro se, filed an appeal in the trial court from the state hearing decision.

**{¶7}** On July 23, 2024, Appellee filed a motion to dismiss the appeal in the trial court for lack of subject matter jurisdiction or, alternatively, for failure to exhaust administrative remedies. Appellant did not respond.

**{¶8}** On August 16, 2024, the trial court granted Appellee's motion to dismiss. The court found that it lacked subject matter jurisdiction over the appeal and Appellant failed to exhaust administrative remedies.

**{¶9}** Appellant, still acting pro se, filed a timely notice of appeal with this Court on September 11, 2024.

**{¶10}** Appellant sets out four "assignments of error" but they do not raise coherent arguments. Appellant's assignments of error state:

> ODJFS AND ITS BOARD OF ADMINISTRATIVE APPEALS BY COUNCIL IS IN CLAIM THE IMPLIED SURETY, SUI JURIS APPELLANT DID NOT FOLLOW THE PROCEDURE TO APPEAL THE BENEFITS DECISION HEARING.

> THE MAHONING COUNTY COMMON PLEAS COURT AND ITS ADMINISTRATIVE JUDGE LISTED IN THE INJUNCTION APPELLATE ENTRY TO THE CIRCUIT COURT IN EQUITY ALSO TRIED TO TRIAL A CASE IN STATUTORY LAW, WHEN THE SUI JURIS APPELLANT HAS FILED AND STYLED THE TRUST AND CASE IN EQUITABLE JURISPRUDENCE.

> THE ERROR OF ALL PARTIES INCLUDING MCCSEA AND TCCSEA WERE SERVED CERTIFIED MAIL SOP AND WERE IMPROPERLY

RETURNED WITH NO CARE OF LIABILITY OR CONSEQUENCES BY BOTH PARTIES.

THE ERROR AND DECISION OF THE MCCSEA JUVENILE TRIAL FOR SHARED PARENTING WAS DISCRIMINATORY FOR BOTH PARENTS LITIGATING IN THE CAPACITY OF THE CONSTITUTIONAL PARENTAL RIGHTS. THE COURTS PRESUMED BY COERCION AND DURESS, BOTH PARENTS TO BE AS WARDS OR OF UNSOUND MIND. THE ADMINISTRATIVE JUDGE AND GUARDIAN AD LITEM ARBITRARILY ACTED ON NEFARIOUS PROCEDURES. WHEN THE IMPLIED SURETY FATHER SPOKE ABOUT THE TRUST HIS PARENTAL PRIVATE CONSTITUTIONAL RIGHTS AND EQUITABLE ESTATE OF HIS SON BEING HEIRS BENEFICIARIES.

{¶11} Given the perplexing nature of Appellant's assignments of error, we will conduct a thorough review of the trial court's judgment.

{¶12} The trial court here found that it did not have subject matter jurisdiction to consider the merits of Appellant's appeal. Alternatively, it found Appellant had failed to exhaust his administrative remedies.

{¶13} We review matters of subject matter jurisdiction under a de novo standard. *E. Ohio Regional Wastewater Auth. v. Util. Workers Union of America, AFL-CIO, Local Union 436-A*, 2017-Ohio-9409, ¶ 17 (7th Dist.). A de novo standard requires this Court to independently review the trial court's judgment without any deference to the trial court's decision. *Mayhew v. Massey*, 2017-Ohio-1016, ¶ 12 (7th Dist.).

{¶14} R.C. 5101.35 sets out the process that governs the appeals process from certain state agency decisions, including decisions from the ODJFS.

{¶15} After the ODJFS makes a decision regarding a family services program (such as the nutrition assistance program), an appellant can request a state hearing by the ODJFS. R.C. 5101.35(B).

{¶16} If an appellant disagrees with a state hearing decision, the appellant may make an administrative appeal to the director of job and family services. R.C. 5101.35(C). The director may affirm, modify, remand, or reverse the state hearing decision. R.C. 5101.35(C). An administrative appeal decision is the final decision of the department and

is binding upon the department and agency, unless it is reversed or modified on appeal to the court of common pleas.  R.C. 5101.35(C).

**{¶17}** If an appellant disagrees with the administrative appeal decision of the director of job and family services, the appellant may appeal from the decision to the court of common pleas.  R.C. 5101.35(E).

**{¶18}**  Appellant complied with the first step of this statutory appeals process.  After receiving the denial of his request for food assistance, he requested a state hearing pursuant to R.C. 5101.35(B).  The state hearing was held on December 19, 2023.  The state hearing officer issued his decision upholding the denial of benefits on December 22, 2023.

**{¶19}**  Appellant's next step in the appeals process should have been to file an administrative appeal to the director of job and family services pursuant to R.C. 5101.35(C).  *He did not do this despite being informed of the process for doing so.*  The state hearing decision informed Appellant that if he disagreed with the decision, he could request an administrative appeal by email, fax, or mail and provided the addresses for each.  The state hearing decision also warned Appellant that he had 15 days from the mailing date of the decision to request an administrative appeal or the state hearing decision would become binding.

**{¶20}**  Instead, Appellant did nothing for approximately five months.  Then on June 4, 2024, he filed an appeal in the trial court, which the court dismissed for lack of subject matter jurisdiction.

**{¶21}**  Pursuant to Article IV, Section 4(B) of the Ohio Constitution, "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law*."  (Emphasis added).  "[T]here is no inherent right to appeal an administrative decision; rather, the right must be conferred by statute."  *Yanega v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-5208, ¶ 10, citing *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001).

**{¶22}** Here, the trial court correctly determined that it lacked subject matter jurisdiction.  It would only have jurisdiction if Appellant had followed the statutory appeal process and first filed an administrative appeal to the director of job and family services

pursuant to R.C. 5101.35(C). He failed to do this. Appellant also had only 15 days after the state hearing decision to file such an appeal. He did not file his appeal in the trial court until five months after the state hearing decision.

**{¶23}** If a court determines that it lacks subject-matter jurisdiction, its only option is to dismiss the case. *Warsame v. Trans Am Trucking Inc.*, 2024-Ohio-1020, ¶ 18 (10th Dist.), citing Civ.R. 12(H)(3). ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action".) Based on the above, the trial court properly dismissed the case for lack of subject matter jurisdiction.

**{¶24}** Alternatively, even if the trial court had subject matter jurisdiction in this case, dismissal was still proper because Appellant failed to exhaust his administrative remedies.

**{¶25}** A failure to exhaust administrative remedies is an affirmative defense, but when the facts are undisputed it is a question of law that we review de novo. *State ex rel. Givens v. Shadyside*, 2022-Ohio-1051, ¶ 6 (7th Dist.), citing *Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277 (1998).

**{¶26}** "It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal." *Noernberg v. City of Brook Park*, 63 Ohio St.2d 26, 29 (1980), citing *State ex rel. Lieux v. Westlake*, 154 Ohio St. 412 (1951).

**{¶27}** It is clear, as set out above, that Appellant did *not* exhaust his administrative remedies before seeking relief in the trial court. Appellant skipped a step in the administrative-appeal process and instead attempted to jump straight to the trial court for relief. Thus, the trial court correctly found that Appellant failed to exhaust his administrative remedies.

**{¶28}** Accordingly, Appellant's assignments of error are without merit and are overruled.

**{¶29}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 24 MA 0080

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**