PER CURIAM OPINION
{¶ 1} This habeas corpus action is presently before this court for consideration of petitioner's motion for a change of venue. In this submission, petitioner essentially asserts that he is no longer in the official custody of respondent, Richard Gansheimer, Warden of the Lake Erie Correctional Institution. Specifically, petitioner states that, after the filing of the instant case, he was transferred from respondent's institution to the Oakwood Correctional Facility in Allen County, Ohio. Respondent has not contested *Page 2 
this basic assertion.
 {¶ 2} The present incarceration of petitioner, Alan J. Christian, is based upon a 2002 conviction in the Mahoning County Court of Common Pleas. Following a jury trial, petitioner was found guilty of one count of felonious assault and an accompanying firearm specification. The trial court then ordered him to serve consecutive terms of five years on the main offense and three years on the specification, for an aggregate sentence of eight years. As the primary basis for his instant claim in habeas corpus, petitioner alleges that the Mahoning County trial court lacked the basic jurisdiction to sentence him because the original complaint against him was not properly sworn by the police officer whose signature appeared on the document.
 {¶ 3} In regard to petitioner's request for a change of venue, this court would note that our authority to grant a writ of habeas corpus is governed by R.C. 2725.03. That statute provides:
 {¶ 4} "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void."
 {¶ 5} Pursuant to the foregoing, a habeas corpus action can only be maintained in the county where the inmate is incarcerated. In applying this statute, this court has concluded that its basic requirements are jurisdictional in nature. See Dewey v. State, *Page 3 
11th Dist. No. 2006-A-0012, 2007-Ohio-471. As was noted above, R.C.2725.03 expressly states that if the prison is not within the county where the court is situated, any order of that court is void.
 {¶ 6} In considering instances in which the inmate has failed to file his petition for the writ in the appropriate county, some appellate courts of this state have held that the proper remedy is a change of venue to the county where the inmate is incarcerated. See, e.g.,State ex rel. Vereen v. State (1989), 57 Ohio App.3d 54; State ex rel.Darden v. Money (Dec. 18, 1997), 6th Dist. No. E-97-144, 1997 Ohio App. LEXIS 5808.
 {¶ 7} While this court would indicate that we do not agree that a change of venue should be granted in all instances in which R.C. 2725.03
cannot be met, we do conclude that the transfer of the instant matter to the Allen County Court of Appeals is the logical remedy in light of the underlying facts of this action. Specifically, we would emphasize that when petitioner filed this action, he was incarcerated in a prison which was located within our territorial jurisdiction. Petitioner's transfer to the prison in Allen County occurred while the case was properly pending before us; thus, this is not a situation in which the inmate failed to follow the correct procedure. Under such circumstances, petitioner should not be required to initiate a new proceeding in order to obtain a determination on the merits of his claim for relief.
 {¶ 8} Consistent with the foregoing legal analysis, it is the order of this court that petitioner's motion for a change of venue is granted. It is further ordered that the instant action in habeas corpus is hereby transferred to the Court of Appeals for Allen County. The Ashtabula County Clerk of Courts is instructed to deliver all original papers filed in *Page 4 
this action to the clerk for the Court of Appeals for Allen County.
DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur. *Page 1