[Cite as *Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 134 Ohio St.3d 539, 2012-Ohio-5750.]

OAK HILLS LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.*

HAMILTON COUNTY BOARD OF REVISION ET AL., APPELLEES.

[Cite as *Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 134 Ohio St.3d 539, 2012-Ohio-5750.]

*Taxation—R.C. 5715.05—Board of Tax Appeals does not abuse its discretion by failing to accord probative weight to extrinsic evidence of the time an appeal was placed in a mailbox.*

(No. 2012-0383—Submitted October 23, 2012—Decided December 6, 2012.)

APPEAL from the Board of Tax Appeals, No. 2011-A-3219.

_____

**Per Curiam.**

{¶ 1}   This case presents a "race to the courthouse" in a real-property tax-valuation case.  On October 10, 2011, the Hamilton County Board of Revision ("BOR") issued a decision that ordered reductions in the valuation of property owned by Western Hills Country Club.  The Oak Hills Local School District Board of Education ("school board") attempted to appeal that decision to the Board of Tax Appeals ("BTA") by sending the appropriate notices by certified mail on October 14.  On that same date, Western Hills physically presented its notices of appeal to the common pleas court and the BOR.

{¶ 2}   The school board filed a motion to dismiss Western Hills' appeal in the common pleas court, and Western Hills filed a motion to dismiss the school board's appeal at the BTA.  The school board argued—successfully to the common pleas court, apparently, but unsuccessfully to the BTA—that it had filed its appeal first because it had placed its notices in the mail earlier on October 14 than Western Hills had filed its appeals at the courthouse and the BOR.  The BTA determined that the time of mailing was immaterial and also called into question

the probative force of the school board's evidence of the time of mailing. Because in the BTA's view Western Hills had filed its appeal first, the BTA dismissed the school board's appeal.

{¶ 3} The school board has appealed, and we now affirm the decision of the BTA.

## Facts

{¶ 4} Because this case comes to us on a jurisdictional dismissal, the record is sparse. On the front of the school board's notice of appeal, the BTA has stamped "October 14, 2011" as the date of filing. On the reverse is the BTA's time stamp showing actual receipt of the document at 2:21 p.m. on October 17, 2011.

{¶ 5} On December 15, 2011, Western Hills filed its motion to dismiss the school board's appeal. Western Hills based its motion on R.C. 5717.05, which provides that as an alternative to the appeal to the BTA under R.C. 5717.01, a property owner may appeal from an adverse decision of the board of revision to the common pleas court. Paragraph two of R.C. 5717.05 addresses the situation that has arisen here: when one party appeals to the BTA and the other to the common pleas court, "the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal."

{¶ 6} Western Hills argued that it had filed its appeal first by physically presenting the notice at the court of common pleas and at the board of revision. Western Hills acknowledged that the school board had apparently mailed its appeal to the BTA on October 14, but it relied on the BTA's holdings in several cases that "the tribunal that had physical custody over the filing had it first and therefore had exclusive jurisdiction."

{¶ 7} The school board opposed Western Hills' motion to dismiss and disputed the physical-custody theory advanced by Western Hills. Attached to the school board's memorandum was a motion to dismiss that the school board had

filed in the common pleas court arguing that the school board's appeal had been placed in the mail before Western Hills' appeal had been physically filed. Attached to that motion were exhibits showing court time stamps of 11:01 and 11:05 a.m. on Western Hills' notices of appeal and an affidavit of a paralegal employed by counsel indicating that the school board's appeal was placed in the mail about 9:45 a.m. The affiant attempted to bolster her claim by attaching an ATM receipt that she had allegedly obtained shortly after the mailing; the time on the receipt is "9:49" on October 14, but there is no indication whether the time is a.m. or p.m.

{¶ 8} On February 7, 2012, the BTA granted Western Hills' motion to dismiss. First, the BTA stated that "[b]y sending an appeal via certified mail, there is no guarantee of its receipt by the board; therefore, this board's jurisdiction over an appeal does not begin until it is received at the board offices." *Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, BTA No. 2011-A-3219, 2012 WL 440799 (Feb. 7, 2012), *3. Second, the board noted that "under the current statutory framework, if certified mail was used, only the date, and not the time, of mailing, is relevant." *Id*. Finally, the board averred that "even if we were to find it relevant, we do not find the board of education's evidence of the time of mailing its notice of appeal to be probative or credible." *Id*. Based on this reasoning, the BTA dismissed the school board's appeal for lack of jurisdiction.

## Analysis

1. *For purposes of documenting the time at which it filed the notice of appeal by certified mail, the appellant should have introduced the sender's receipt*

{¶ 9} A property owner dissatisfied with a ruling by the board of revision has two routes for an appeal. The owner may appeal either to the BTA under R.C. 5717.01 or to the common pleas court under R.C. 5717.05. R.C.

5717.05 addresses the situation in which different parties pursue appeals to different forums:

> When the appeal has been perfected by the filing of notice of appeal as required by this section, and an appeal from the same decision of the county board of revision had been filed under section 5717.01 of the Revised Code with the board of tax appeals, the forum in which the first notice of appeal is filed shall have exclusive jurisdiction over the appeal.

{¶ 10} The circumstances of this case present the conflict addressed by the statute, but with a twist. Under R.C. 5717.01, an appellant may file its appeal with the BTA by certified mail, and the statute mandates that "the date of the United States postmark placed on the sender's receipt by the postal service * * * shall be treated as the date of filing." This "mailbox rule" affords an appellant the convenience of mailing his notice of appeal to the BTA in Columbus even on the last day of the appeal period. *See Gasper Twp. Bd. of Trustees v. Preble Cty. Budget Comm.*, 119 Ohio St.3d 166, 2008-Ohio-3322, 893 N.E.2d 136, ¶ 9.

{¶ 11} In this case, the school board argues that it put its appeal to the BTA into the mail on October 14, 2011, approximately one hour and fifteen minutes before Western Hills physically filed its appeal at the common pleas court. This potentially raises a legal issue whether the time that a notice of appeal is delivered to the post office is material to determining who won the "race to the courthouse."

{¶ 12} We do not, however, reach that issue because the BTA also stated that "even if we were to find it relevant, we do not find the board of education's evidence of the time of mailing its notice of appeal to be probative or credible." BTA No. 2011-A-3219, 2012 WL 440799, *3. We have repeatedly held that "the

BTA has wide discretion in granting weight to evidence and credibility to witnesses," so that this court "will not reverse the BTA's determination on credibility of witnesses and weight given to their testimony unless we find an abuse of this discretion." *Natl. Church Residence v. Licking Cty. Bd. of Revision*, 73 Ohio St.3d 397, 398, 653 N.E.2d 240 (1995).

{¶ 13} To demonstrate that the BTA abused its discretion in disregarding the evidence of the time of mailing, the school board must prove that the BTA's attitude was unreasonable, arbitrary, or unconscionable. *Bay Mechanical & Elec. Corp. v. Testa*, 133 Ohio St.3d 423, 2012-Ohio-4312, 978 N.E.2d 882, ¶ 38. We find no abuse of discretion under the circumstances presented here.

{¶ 14} The school board failed to present the "sender's receipt," i.e., the documentation used by the postal service to validate the date of mailing, to support its claim regarding the time that its notices were mailed. This is a striking omission, because R.C. 5717.01 specifically calls for reliance on "the date of the United States postmark placed on the sender's receipt by the postal service."

{¶ 15} The provision that allows filing by certified mail was added to R.C. 5717.01 in 1976. Am.Sub.H.B. No. 920, 136 Ohio Laws, Part II, 3182, 3265. It parallels federal-law provisions for challenging tax assessments, and those provisions have been construed to preclude the use of testimony extrinsic to the postal receipt itself. *See Shipley v. Commr. of Internal Revenue*, 572 F.2d 212, 214 (9th Cir.1977) ("The scheme of the statute and implementing regulations is designed to avoid testimony as to date of mailing in favor of tangible evidence in the form of an official government notation"); *Brown v. Commr. of Internal Revenue,* U.S. Tax Ct. Memo 1982-165 (Mar. 30, 1982).

{¶ 16} Although the federal cases are not binding here, we hold that the BTA was justified in disregarding the extrinsic evidence of the time of mailing because the sender's receipt was not in evidence. To be sure, the sender's receipt would typically bear the postmark with the date but would not *usually* show the

time of the mailing. Nevertheless, in a particular case a "received" stamp on the sender's receipt might document the time, as might a handwritten notation of a postal employee. Without viewing the receipt (or hearing an adequate explanation why the receipt was not introduced), the fact-finder cannot be sure that the extrinsic evidence is genuinely probative of the time of mailing.

{¶ 17} Because the sender's receipt was not produced, we affirm the BTA's decision to accord no weight to the paralegal's affidavit. In doing so, we do not hold that an appellant who undertakes to prove that it perfected an appeal under R.C. 5717.01 is precluded from introducing extrinsic evidence of the time of mailing. But we do hold that when the sender's receipt is not in the record, the BTA does not abuse its discretion by failing to accord probative weight to extrinsic testimony.

{¶ 18} Because the BTA acted reasonably and lawfully in determining that the school board had not proven the time when its notice of appeal was mailed, it properly held that Western Hills' filing in the common pleas court had priority for jurisdictional purposes under R.C. 5717.05.

*2. Neither R.C. 5717.05 nor the case law protects the school board against the erroneous dismissal instigated by the school board*

{¶ 19} The school board also argues that the result of the proceedings in the common pleas court and the BTA is that it has lost a forum in which to litigate its appeal. In an attempt to resuscitate its appeal, the school board cites *Tower City Properties v. Cuyahoga Cty. Bd. of Revision*, 49 Ohio St.3d 67, 551 N.E.2d 122 (1990).

{¶ 20} In *Tower City Properties*, a property owner appealed to the common pleas court from the board of revision, after which the board of education appealed to the BTA. The BTA dismissed for lack of jurisdiction, and thereafter the property owner voluntarily dismissed the common pleas case under Civ.R. 41(A)(1). The board of education appealed to the court of appeals, which

reversed on the ground that the civil rule was not applicable to appeals under R.C. 5717.05. We affirmed the court of appeals' decision. We held that Civ.R. 41(A)(1) was inapplicable, because by giving an owner a means of depriving the board of education of any forum, it altered the statutory design for appeals from board of revision decisions.

{¶ 21} *Tower City Properties* is not apposite. In this case, the school board sought to dismiss the common pleas case on jurisdictional grounds, and Western Hills opposed dismissal. Moreover, the school board is asking that we recognize jurisdiction in the BTA when its jurisdiction has not been established. We do not have authority to ignore the statutory limitation on the BTA's jurisdiction.

{¶ 22} Nor are we persuaded that the school board could not protect its interests. The BTA issued its decision after the magistrate in the common pleas court had issued a decision, but before final judgment. Even after judgment, the school board might have looked to Civ.R. 60(B) to obtain relief in light of the BTA's decision.

{¶ 23} Finally, the school board contends that Western Hills was not genuinely aggrieved and therefore had no basis for appealing to the common pleas court. The parties seem to agree that Western Hills obtained the relief it initially sought in the valuation complaint, but Western Hills sought a further reduction in light of its appraiser's opinion of value.

{¶ 24} This issue is not before us. As appellant, the school board had a duty to furnish a clear basis for reversal of the BTA's decision. It failed to develop the legal theory that Western Hills was not aggrieved, and thus we reject its argument. *See*, *e.g.*, *In re Application of Columbus S. Power Co.*, 129 Ohio St.3d 271, 2011-Ohio-2638, 951 N.E.2d 751, ¶ 14 (failure to "cite a single legal authority" or "present an argument that a legal authority applies on these facts and was violated * * * alone is grounds to reject [a] claim"); *Util. Serv. Partners, Inc.*

*v. Pub. Util. Comm.*, 124 Ohio St.3d 284, 2009-Ohio-6764, 921 N.E.2d 1038, ¶ 39 ("unsupported legal conclusions" do not establish error).

**Conclusion**

**{¶ 25}** The BTA acted reasonably and lawfully when it dismissed the school board's appeal. We therefore affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

David C. DiMuzio, Inc., and David C. DiMuzio, for appellant.

Finney, Stagnaro, Saba & Patterson Co., L.P.A., and Paul T. Saba, for appellee Western Hills Country Club.

_____