[Cite as *Estes v. Sheldon*, 2020-Ohio-5223.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DAN ESTES

    Petitioner

    v.

EDWARD SHELDON, WARDEN

    Respondent

C.A. No.    20CA011674

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: November 9, 2020

PER CURIAM.

{¶1} Dan Estes, an inmate in the Richland Correctional Institution, filed a petition for a writ of habeas corpus to order Warden Edward Sheldon to release him from custody. Warden Sheldon has moved to dismiss because Mr. Estes filed the petition in the Lorain County Court of Appeals, which lacks jurisdiction to consider the petition. Mr. Estes did not respond in opposition. Because R.C. 2725.03 provides that jurisdiction is proper only in the county in which the petitioner is incarcerated, this Court dismisses this case.

{¶2} Section 3(B)(1), Article IV, of the Ohio Constitution grants appellate courts original jurisdiction over the writ of habeas corpus. The requirements for the writ of habeas corpus in Ohio are set forth in R.C. 2725.01 et seq. To be entitled to the writ, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement. *See, e.g., State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10.

{¶3} The statutory framework for the writ of habeas corpus also includes a jurisdictional requirement. The petitioner must file the petition in the court with jurisdiction, as defined in R.C. 2725.03. That section provides that if a person is incarcerated in a state correctional institution, as Mr. Estes is, only the courts or judges of "the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge."

{¶4} Mr. Estes is incarcerated in a state correctional institution in Richland County. Thus, pursuant to R.C. 2725.03, only the courts or judges of Richland County have jurisdiction over his petition for a writ of habeas corpus. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, ¶ 17. Transfer of the petition to the Richland County Court of Appeals would not be appropriate under these circumstances. The Ohio Supreme Court has instructed an appellate court to dismiss a petition that was filed in a county that lacked jurisdiction. *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, ¶ 1. The Eighth District Court of Appeals recently recognized that transfer is not appropriate when the inmate initially files the petition in the wrong court, although it might be under different circumstances:

> In some cases, transfer may be appropriate. For instance, when an action is commenced by an inmate housed in an institution in one jurisdiction, but who is then moved to another after the petition is filed, transfer may be appropriate. *See, e.g., Christian v. Gansheimer*, 11th Dist. Ashtabula No. 2007-A-0056, 2007-Ohio-6012, ¶ 7. Here, that is not the case.

*Orr v. Harris*, 8th Dist. Cuyahoga No. 107658, 2018-Ohio-4798, ¶ 10. Just as in *Orr*, Mr. Estes was an inmate in the Richland Correctional Institution at the time he filed his

petition.  Pursuant to R.C. 2725.03, and the Supreme Court's decisions, this Court lacks jurisdiction to consider the petition.

{¶5}  Because jurisdiction does not lie in this Court to consider Mr. Estes' petition, the case is dismissed.  Costs taxed to Mr. Estes.

{¶6}  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  Civ.R. 58.

 

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

DAN ESTES, Pro se, Petitioner.

DAVE YOST, Ohio Attorney General, and STEPHANIE L. WATSON, Principal Assistant Attorney General, for Respondent.