[Cite as *Van De Hey v. Ashtabula Cty. Aud.*, 2023-Ohio-346.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| DAVID VAN DE HEY, | **CASE NO. 2021-A-0038** |
| Appellant, | |
| - v - | Administrative Appeal from the Court of Common Pleas |
| ASHTABULA COUNTY AUDITOR, et al., | Trial Court No. 2021 CV 00310 |
| Appellees. | |

# **O P I N I O N**

Decided: February 6, 2023
Judgment: Affirmed

*David Van De Hey*, pro se, 1811 Walnut Boulevard, Ashtabula, OH 44004 (Appellant).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Appellees, Ashtabula County Auditor and Ashtabula County Board of Revision).

*Jason L. Fairchild*, Andrews & Pontius, LLC, 4810 State Road, P.O. Box 10, Ashtabula, OH 44005 (For Appellee, Superintendent of Public Schools, Ashtabula, Ohio).

MARY JANE TRAPP, J.

{¶1} Appellant, David Van De Hey ("Mr. Van De Hey"), appeals the judgment of the Ashtabula County Court of Common Pleas granting the motion to dismiss filed by appellee, Ashtabula County Board of Revision ("the BOR"). The trial court determined that it lacked subject matter jurisdiction over Mr. Van De Hey's appeal because he failed to file a notice of appeal with the BOR pursuant to R.C. 5717.05.

{¶2} Mr. Van De Hey presents four assignments of error, contending that the trial court erred (1) by failing to find that the BOR was estopped from seeking dismissal on jurisdictional grounds; (2) by failing to find that the BOR's receipt of the court's scheduling order before the 30-day deadline was sufficient to satisfy the filing requirement in R.C. 5717.05; (3) by failing to incorporate a "mailbox rule" into R.C. 5717.05; (4) by failing to deem his notice of appeal "filed" when the local post office issued notice that certified mail was available for pickup; and (5) by failing to hold an evidentiary hearing to determine what happened to the certified mail.

{¶3} After a careful review of the record and pertinent law, we find that Mr. Van De Hey's assignments of error are without merit:

{¶4} (1) The doctrine of equitable estoppel may not be applied against a state agent performing a governmental function. Even if the doctrine applied, however, a court's subject-matter jurisdiction cannot be conferred by equitable estoppel, and a mistake does not provide a basis for the doctrine's application.

{¶5} (2) The BOR's receipt of a scheduling order did not excuse Mr. Van De Hey's statutory obligation to file a timely notice of appeal with the BOR. The Supreme Court of Ohio has consistently held that other legal documents cannot substitute for a proper notice of appeal.

{¶6} (3) The filing requirement in R.C. 5717.05 is not ambiguous. The Supreme Court of Ohio has held that statutes that provide for "filing" documents require physical delivery to the official or agency unless the statute at issue contains a "mailbox rule," which R.C. 5717.05 does not contain.

2

**{¶7}** (4) Even if Mr. Van De Hey has accurately described the post office's delivery policies, we have no authority to modify the Supreme Court of Ohio's legal definition of "filed" to accommodate a particular factual setting.

**{¶8}** (5) Since Mr. Van De Hey did not contend or purport to establish that his notice of appeal was actually delivered to the BOR, he failed to present any conflicting evidence to warrant an evidentiary hearing.

**{¶9}** Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

**{¶10}** In March 2021, Mr. Van De Hey filed a complaint against the valuation of real property for tax year 2020 with the Ashtabula County Auditor (the "county auditor"). Mr. Van De Hey sought a reduction in the market value of his residential property located at 1811 Walnut Boulevard in Ashtabula, Ohio. In June 2021, the BOR held a hearing on Mr. Van De Hey's complaint, where he presented testimony and submitted evidence. On July 16, 2021, the BOR mailed its decision to Mr. Van De Hey indicating there would be no change in value.

**{¶11}** On July 21, 2021, Mr. Van De Hey filed a notice of appeal in the trial court, naming as appellees the county auditor, the BOR, and "Superintendent of Public Schools Ashtabula OH 44004." Mr. Van De Hey also filed instructions for service requesting that the clerk of courts serve a copy of his notice of appeal on each appellee by certified mail. Mr. Van De Hey did not take any other action to file the notice of appeal with the BOR. The next day, the clerk of courts issued certified mail service to each appellee.

Case No. 2021-A-0038

{¶12} On July 28, 2021, the trial court filed a scheduling order that was mailed to the parties.

{¶13} On August 4, 2021, a certified mail receipt was filed reflecting that the superintendent was successfully served with Mr. Van De Hey's notice of appeal on July 26, 2021. No certified mail receipts were ever filed reflecting successful service on the county auditor or the BOR.

{¶14} The Ashtabula Area City Schools Board of Education (the "school board") appeared through counsel and filed a motion to intervene in the appeal, which the trial court granted.

{¶15} On September 8, 2021, counsel for the BOR and county auditor filed a certified transcript of the BOR's proceedings. The BOR's certified transcript stated that it "never received" Mr. Van De Hey's notice of appeal.

{¶16} On September 16, 2021, the BOR moved to dismiss Mr. Van De Hey's appeal pursuant to Civ.R. 12(B)(1) (lack of jurisdiction), (B)(4) (insufficiency of process), (B)(5) (insufficiency of service of process), and (B)(6) (failure to state a claim upon which relief can be granted). The BOR contended that Mr. Van De Hey failed to file a notice of appeal with it within 30 days pursuant to R.C. 5717.05. In support, the BOR attached an affidavit from David Thomas, the county auditor and the BOR's secretary, who averred that as of September 14, 2021, the BOR had not received Mr. Van De Hey's notice of appeal.

{¶17} Mr. Van De Hey filed a response in opposition to the BOR's motion to dismiss. The school board filed a reply brief in support of the BOR's motion to dismiss. With leave of court, Mr. Van De Hey filed a surreply.

4

{¶18} According to Mr. Van De Hey, he was "informed and believes" that the Jefferson Post Office does not deliver certified mail to the county building where the BOR is located. Rather, the post office delivers a notice to the BOR's mailbox at the county building. A county employee must physically claim the certified mail from the post office. At that time, the post office scans the certified mail, the county employee provides a signature, and a return receipt is transmitted to the sender.

{¶19} Mr. Van De Hey contended that the certified letter containing his notice of appeal arrived at the Jefferson Post Office on July 26, 2021. However, the U.S. Postal Service's tracking system did not subsequently indicate successful delivery or return to sender. Therefore, he speculated that the post office "must have erroneously transferred possession" of the certified letter. In support of his assertions, Mr. Van De Hey attached a purported copy of the U.S. Postal Service's certified mail tracking information.

{¶20} The trial court filed a judgment entry granting the BOR's motion to dismiss based on lack of subject matter jurisdiction. The trial court determined that Mr. Van De Hey failed to strictly comply with R.C. 5717.05 by filing his notice of appeal with the BOR. The trial court stated, in relevant part, "While using the Clerk of Court's [sic] to complete a 'filing' with the [BOR] may be an acceptable means of doing so, the onus remains on [Mr. Van De Hey] to ensure that the [BOR] actually received a copy of the Notice of Appeal. In the instant case, [Mr. Van De Hey] never followed up with the board, and in fact the board never received a copy of the Notice of Appeal."

{¶21} Mr. Van De Hey appealed and raises four assignments of error:

{¶22} "[1.] In an error of omission, the CCP [Ashtabula County Court of Common Pleas] failed to rule on the Appellant's argument that the BOR be estopped from asserting

5

that the Appellant needed to take some action other than or in addition to that which the Appellant took, which was to comply strictly with the instructions in the form of notice of appeal made available on the website of the Auditor for use in appealing a BOR decision to the CCP under the provisions of R.C. 5717.05.

{¶23} "[2.] In an error of omission, the CCP failed to rule on the Appellant's argument that the Scheduling Order (T.d. 5), which was sent to the BOR by ordinary mail on July 28, 2021 (T.p. 11), was sufficient to satisfy the filing requirements of R.C. 5717.05.

{¶24} "[3.] In an error of omission, the CCR [sic] failed to rule on the Appellant's argument that, if the rule of law applied in this case were that the filing of a notice of appeal by certified mail requires actual (physical) receipt of the notice of appeal by the county board of revision during the thirty-day appeal period, that rule of law and the facts of this case must be analyzed in the context of the JPO's [Jefferson Post Office] policy of never delivering certified mail to the BOR and an evidentiary hearing may be necessary."

{¶25} "[4.] The CCP erred in granting the Motion to Dismiss on the basis that 'the onus remains on the appellant to ensure that the board actually received a copy of the Notice of Appeal' (T.d. 23, p. 3) under R.C. 5717.05 when the Notice of Appeal was filed with the BOR by certified mail."

### Standard of Review

{¶26} Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). Civ.R. 12(B)(1) permits a defendant to challenge by motion a court's jurisdiction over the subject matter of the action brought against it. In ruling upon a Civ.R. 12(B)(1) motion, the trial court is not confined to the allegations of the complaint and may consider material

6

pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

{¶27} We review an appeal of a dismissal for lack of subject-matter jurisdiction under Civ.R. 12(B)(1) de novo. *Jones v. Ohio Edison Co.*, 2014-Ohio-5466, 26 N.E.3d 834, ¶ 7 (11th Dist.). The relevant inquiry is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

**Legal Requirements**

{¶28} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14. The Ohio Revised Code provides two alternative methods to appeal a decision from the board of revision—to the Ohio Board of Tax Appeals ("BTA") pursuant to R.C. 5717.01 or to the county court of common pleas pursuant to R.C. 5717.05. This case involves an appeal to the common pleas court pursuant to R.C. 5717.05, which provides in relevant part:

{¶29} "As an alternative to the appeal provided for in section 5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. [1] *The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code.*

7

[2] The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and [3] notice of the appeal shall be served upon them by certified mail unless waived." (Emphasis added.)

{¶30} The Supreme Court has held that R.C. 5717.05 "sets forth who may appeal, how one appeals, whom the appellant names as appellees, and how the appellant serves appellees with notice of the appeal. *We read this statute as mandatory and jurisdictional*." (Emphasis added.) *Huber Hts. Circuit Courts, Ltd. v. Carne*, 74 Ohio St.3d 306, 308, 658 N.E.2d 744 (1996). Therefore, an appellant must "follow the statute *precisely*." (Emphasis added.) *Id.*

{¶31} R.C. 5717.05 imposes three requirements. The first requirement is that the appellant must *file* a notice of appeal with the common pleas court *and* with the board of revision within a specified time period.

{¶32} The Supreme Court of Ohio has held that "the act of depositing the notice in the mail, in itself, does not constitute a 'filing' * * *." *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 204, 389 N.E.2d 1113 (1979). Rather, "[f]iling is accomplished when *actual and timely delivery* is made to the correct tribunal." (Emphasis added.) *Welsh Dev. Co.* at ¶ 38. *See Ross v. Cuyahoga Cty. Bd. of Revision*, 155 Ohio St.3d 373, 2018-Ohio-4746, 121 N.E.3d 365, ¶ 13 ("A filing requires *physical delivery* of the item to be filed *to the proper official*."); *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, 16 N.E.3d 573, ¶ 21, quoting *Fulton v. State ex rel. Gen. Motors Corp.*, 130 Ohio St. 494, 497, 200 N.E. 636 (1936) ("[T]he 'generally accepted sense' of the word 'filed' 'implies *actual* rather than *constructive delivery* * * *

8

into the official custody and control' of the relevant official.") (Emphasis added throughout.)

{¶33} R.C. 5717.05 does not impose a particular method of delivery, such as in person, certified mail, express mail, or authorized delivery service. The Supreme Court has stated that where no particular method of delivery is prescribed by the statute, "'any method productive of certainty of accomplishment is countenanced.'" *Dudukovich* at 204, quoting *Columbus v. Arlington*, 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305 (1964).

{¶34} The second requirement is that the county auditor and all parties to the proceeding before the board of revision must be made appellees.

{¶35} Courts have determined that the board of revision itself is not a "party" to the proceeding; rather, the board of revision is the deciding tribunal from which the appeal is taken. *See Palladino v. Steen*, 8th Dist. Cuyahoga No. 98968, 2013-Ohio-1455, ¶ 8; *2188 Brockway LLC v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga No. 101529, 2015-Ohio-109, ¶ 13. However, it appears appellants often name the board of revision as an appellee without adverse consequence. *See Palladino* at ¶ 9 ("A board of revision may be named a party to the appeal but it is not mandatory").

{¶36} The third requirement is that the appellant must *serve* its notice of the appeal upon the appellees by certified mail unless waived. "A person or entity is *served* when *actual delivery* is made to the intended target * * *. (Emphasis added.) *Welsh Dev. Co.* at ¶ 38.

{¶37} The Supreme Court of Ohio has recognized that "filing" and "service" are "distinct terms." *Id.* at ¶ 39. In construing a similar statute, however, the court held that "[a]n administrative appeal is considered *filed* and *perfected* for purposes of R.C. 2505.04

9

if the clerk of courts *serves* upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is *served* within the time period prescribed by R.C. 2505.07." (Emphasis added.) *Id.* at syllabus. Under that scenario, "the clerk is a delivery conduit in the same way as mail service or Federal Express." *Id.* at ¶ 38.

{¶38} With the above legal requirements in mind, we reach the merits of Mr. Van De Hey's assignments of error.

### Equitable Estoppel

{¶39} In his first assignment of error, Mr. Van De Hey contends the trial court erred by failing to find that the BOR was estopped from asserting that he failed to file a timely notice of appeal with it pursuant to R.C. 5717.05. According to Mr. Van De Hey, he detrimentally relied on filing instructions posted on the county auditor's website that stated, "This notice of appeal *MUST be filed by certified mail with the Board of Revision * * *.*" (Emphasis added.)

{¶40} The record does not contain the county auditor's alleged filing instructions.[1] Even assuming their existence, however, we find no reversible error on this basis.

{¶41} The doctrine of equitable estoppel precludes a party from asserting certain facts where the party, by its conduct, has induced another to change its position in good faith reliance upon the party's conduct. *Ultimate Salon & Spa, Inc. v. Legends Constr. Group*, 2019-Ohio-2506, 139 N.E.3d 445, ¶ 32 (11th Dist.). However, the Supreme Court of Ohio has held that "[p]rinciples of equitable estoppel generally may not be applied

---

1. We note that filing instructions matching Mr. Van De Hey's description currently appear on the county auditor's website. *See* "CCP Appeal Form" posted at https://auditor.ashtabulacounty.us/dnn/Real-Estate/Board-of-Revision (accessed January 13, 2023).

10

Case No. 2021-A-0038

against the state or its agencies when the act or omission relied on involves the exercise of a governmental function." *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 511 N.E.2d 112 (1987).

{¶42} Here, the BOR is an agent of the state tax commissioner that was exercising its governmental functions. *See* R.C. 5715.01(B) ("There shall also be a board in each county, known as the county board of revision, which shall hear complaints and revise assessments of real property for taxation"). Thus, equitable estoppel may not be applied against it.

{¶43} Even if the doctrine applied, however, a court's subject-matter jurisdiction is prescribed by law; it cannot be conferred by equitable estoppel. *Thompson & Ward Leasing Co. v. Ohio State Bur. of Motor Vehicles*, 10th Dist. Franklin No. 08AP-41, 2008-Ohio-3101, ¶ 12. According to the Supreme Court of Ohio, "[e]stoppel is an equitable principle and has no bearing upon * * * jurisdiction of the subject matter." *Ford v. Indus. Comm. of Ohio*, 145 Ohio St. 1, 4-5, 60 N.E.2d 471 (1945). Instead, it is "determined by the statutes that are applicable." *Id.* at 5.

{¶44} Further, a mistake does not provide a basis for the application of the doctrine of equitable estoppel. *S.R. Prods. v. Gerrity*, 156 Ohio App.3d 150, 2004-Ohio-472, 805 N.E.2d 104, ¶ 29 (8th Dist.). A person who seeks information from the government must assume the risk that the public advisor might be wrong. *Id.* For example, in *Union Twp.-Clermont Cty., C.I.C., Inc. v. Lamping*, 2015-Ohio-1092, 31 N.E.3d 116 (12th Dist.), the Twelfth District found that a county building department could not be estopped from enforcing the Ohio Building Code based on incorrect information contained on its website. *Id.* at ¶ 21.

11

**{¶45}** Accordingly, the trial court did not err by failing to apply the doctrine of equitable estoppel. Mr. Van De Hey's first assignment of error is without merit.

**Scheduling Order**

**{¶46}** In his second assignment of error, Mr. Van De Hey contends that the trial court erred by failing to find that the BOR's receipt of the trial court's scheduling order before the 30-day deadline satisfied the filing requirement in R.C. 5717.05.

**{¶47}** The Supreme Court of Ohio has held that other legal documents cannot function as substitutes for a proper notice of appeal. *Broad & Jackson, Ltd. v. Ashtabula Cty. Bd. of Revision*, 11th Dist. Ashtabula No. 2006-A-0007, 2006-Ohio-2388, ¶ 20. For instance, the Supreme Court has held that the BTA's issuance of a notification letter to the parties does not relieve an appellant of its statutory obligation in R.C. 5717.02 to file a timely notice of appeal with the tax commissioner. *See Clippard Instrument Laboratory, Inc. v. Lindley*, 50 Ohio St.2d 121, 363 N.E.2d 592 (1977). Similarly, the Supreme Court has twice held that the BTA's issuance of a docketing statement to the parties does not relieve an appellant of its statutory obligation in R.C. 5717.01 to file a timely notice of appeal with the board of revision. *See Austin Co. v. Cuyahoga Cty. Bd. of Revision*, 46 Ohio St.3d 192, 194, 546 N.E.2d 404 (1989); *Ross*, *supra*, at ¶ 15.

**{¶48}** Mr. Van De Hey attempts to distinguish this binding precedent by contending that the Supreme Court's "rationales" in *Austin* are no longer valid. However, the portion of *Austin* that Mr. Van De Vey cites involved the court's discussion of policy justifications for the statute's express filing requirements. *See id.* at 195 ("Thus, good reasons exist for the statutory design requiring an appellant to file a timely notice of appeal

Case No. 2021-A-0038

with the board of revision").  The court's actual holding in *Austin* was its reaffirmation that litigants must be held to the mandatory filing requirements of R.C. 5717.01:

**{¶49}**  "*In Consolidated Freightways, Inc. v. Summit Cty. Bd. of Revision* (1986), 21 Ohio St.3d 17, 21 OBR 279, 487 N.E.2d 298, while reversing a BTA dismissal of a notice of appeal on evidentiary grounds, we concluded our opinion by emphasizing that *we would continue to hold litigants to the mandatory notice-of-appeal requirements of R.C. 5717.01. We reaffirm those holdings today*." (Emphasis added.)  *Austin* at 193.

**{¶50}**  Since the filing requirements of R.C. 5717.05 are also mandatory and jurisdictional, there is no logical reason to apply the statutes differently.  Thus, we conclude that the BOR's receipt of the trial court's scheduling order did not excuse Mr. Van De Hey from his statutory obligation in R.C. 5717.05 to file a timely notice of appeal with the BOR.

**{¶51}**  Mr. Van De Hey's second assignment of error is without merit.

### Mailbox Rule

**{¶52}**  We review Mr. Van De Hey's third and fourth assignments of error in reverse order for ease of discussion.

**{¶53}**  In his fourth assignment of error, Mr. Van De Hey contends that the meaning of "filed" in R.C. 5717.05 is ambiguous because it can mean either "actual (physical delivery)" or "constructive (deposited in the mail) delivery."  Therefore, he argues, the statute must be read in pari materia with R.C. 5717.01, which contains the following "mailbox rule":

**{¶54}**  "If notice of appeal is *filed* by certified mail, express mail, or authorized delivery service as provided in section 5703.056 of the Revised Code, *the date of the*

13

*United States postmark* placed on the sender's receipt by the postal service or *the date of receipt* recorded by the authorized delivery service shall be treated as *the date of filing*." (Emphasis added.)

{¶55}  Ambiguity in a statute exists only if its language is susceptible of more than one reasonable interpretation.  *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16.  The filing requirement in R.C. 5717.05 is not ambiguous.  The Supreme Court of Ohio has held that "[s]tatutes that provide for *filing* documents require *physical delivery* to the official or agency, unless the *statute at issue* states a mailbox rule that deems the claim *filed when mailed*."  (Emphasis added.)  *L.J. Smith*, *supra*, at ¶ 22.

{¶56}  Here, R.C. 5717.05 does not contain a mailbox rule.  While R.C. 5717.01 does, it expressly applies only to appeals to the BTA, not appeals to the common pleas court.  Therefore, we may not construe R.C. 5717.05 to incorporate R.C. 5717.01's "mailbox rule."  *See Great N. Properties Co. v. McCormack*, 8th Dist. Cuyahoga Nos. 64868, et al., 1994 WL 77895, *5 (Mar. 10, 1994) ("[W]e decline the property owners' invitation to amend R.C. 5717.05 to include the R.C. 5717.01 certified mail provisions, contrary to the General Assembly's express dictates, under the guise of statutory construction"); *State v. Krutz*, 28 Ohio St.3d 36, 37-38, 502 N.E.2d 210 (1986) (The "in pari materia" rule applies only when a statute is ambiguous or the significance of its terms is doubtful).

{¶57}  Mr. Van De Hey's fourth assignment of error is without merit.

### Actual Delivery

{¶58}  Finally, in his third assignment of error, Mr. Van De Hey contends that the rule of law requiring "actual delivery" cannot be applied "literally" where the Jefferson Post

14

Office, as a matter of policy, does not deliver certified mail to the BOR. Therefore, he argues, his notice of appeal should have been deemed "filed" for purposes of R.C. 5717.05 when the Jefferson Post Office issued notice that certified mail was available for pickup.

{¶59} Even if Mr. Van De Hey has accurately described the post office's delivery policies, we have no authority to modify the Supreme Court of Ohio's legal definition of "filed" to accommodate a particular factual setting.

{¶60} Mr. Van De Hey also contends that an evidentiary hearing was necessary to determine what happened to the certified mail. The dissent finds merit to this argument.

{¶61} This position fails to acknowledge Mr. Van De Hey's burden of proof in the trial court. The Supreme Court of Ohio has held that "'when jurisdictional facts are challenged, *the party claiming jurisdiction* bears the burden of demonstrating that the court has jurisdiction over the subject matter.'" (Emphasis added.) *Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 10, quoting *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990). Thus, if Mr. Van De Hey believed there were facts establishing the trial court's jurisdiction, he had the burden "to assert those grounds in opposition to the motion to dismiss and to offer concomitant proof as necessary in support of [his] assertions." *Id.* at ¶ 10. *See Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 134 Ohio St.3d 539, 2012-Ohio-5750, 983 N.E.2d 1295, ¶ 16-18 (affirming jurisdictional dismissal of appeal to the BTA when appellant failed to produce sufficient evidence of alleged facts supporting jurisdiction).

{¶62} "In considering the motion to dismiss for lack of subject-matter jurisdiction, the court may hold an evidentiary hearing and resolve any disputed facts related to the court's inquiry." *Horine v. Vineyard Community Church*, 1st Dist. Hamilton No. C-060097, 2006-Ohio-6620, ¶ 5. However, "there is no requirement that the trial court hold an evidentiary hearing * * *. The court may look to the pleadings and undisputed facts from the record in making its determination." *Lagoons Point Land Co. v. Grendell*, 11th Dist. Lake No. 2001-L-043, 2002-Ohio-3372, ¶ 21.

{¶63} Here, the BOR filed a motion to dismiss and submitted an affidavit in which the county auditor/BOR secretary averred that the BOR had not received a notice of appeal from Mr. Van De Hey. Mr. Van De Hey filed a response in opposition in which he described, based on "information and belief," the Jefferson Post Office's alleged delivery system and attached unauthenticated documents purportedly depicting the postal service's "certified mail tracking information." Crucially, Mr. Van De Hey did not contend or purport to establish that his notice of appeal was actually delivered to the BOR. Thus, he failed to present any conflicting evidence to warrant an evidentiary hearing.

{¶64} Mr. Van De Hey's third assignment of error is without merit.

{¶65} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs,

JOHN J. EKLUND, P.J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

_____

16

Case No. 2021-A-0038

JOHN J. EKLUND, P.J., concurs in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶66} I would reverse the judgment of the Ashtabula County Court of Common Pleas only on appellant's third assignment of error and remand the matter for an evidentiary hearing. An owner of real estate in Ohio who believed he was aggrieved by the actions of the Ashtabula County Auditor and Board of Revision lost his chance to appeal their actions to the court of common pleas when all he did was try to follow the Auditor's directions on how to perfect his appeal. Ultimately, he claims to have been stymied by a policy of the local office of the United States Postal Service. That, if it is true, would not be right. He deserves, in my view, a hearing to try to prove it.

{¶67} As the majority opinion rightly notes, "'in determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment.'" *Jones v. Ohio Edison Co.*, 11th Dist. Ashtabula, 2014-Ohio-5466, 26 N.E.3d 834, ¶ 6, quoting *Kinder v. Zuzak*, 11th Dist. Lake No. 2008-L-167, 2009-Ohio-3793, 2009 WL 2357800, ¶ 10, quoting *McHenry v. Industrial Com. of Ohio*, 68 Ohio App.3d 56, 62, 587 N.E.2d 414 (4th Dist.1990).

{¶68} Here, the trial court dismissed for a lack of subject matter jurisdiction, but the court did not conduct an evidentiary hearing to consider pertinent material outside of the complaint to determine whether dismissal was appropriate. Appellant argued that the circumstances of the case warranted a hearing and that the current record was insufficient for the court to rule on the Board's motion to dismiss.

17

Case No. 2021-A-0038

{¶69} Indeed, the trial court basically acknowledged as much. It remarked that the record demonstrated the clerk of courts issued service of the notice of appeal to the Board on July 22, 2021, and that the "certified mail receipt for the Ashtabula County Auditor and the Board of Revision was never returned to the Ashtabula County Clerk of Courts." In other words, while the record does not demonstrate delivery of the certified mail, nor does it demonstrate a failure of delivery and a return to sender. What happened to the mail? We do not know and cannot say based on this record.

{¶70} I think that is important. Certainly, in support of its motion to dismiss the Board submitted an affidavit declaring that a notice of appeal had not been received at the Board. But, why not? Appellant asserts that the local Post Office had a practice at that time of not delivering certified mail to the Board's office. Rather, its practice (according to appellant) was to notify the Board to "come and get it." Was that practice followed here? If so, did the Board get the notice? If so, did they or did they not, "go and get it"? If not, why not? Under what authority may a local Post Office not deliver duly addressed and posted certified mail? We can only suppose the answers to these questions because the record was not developed below.

{¶71} Some might say, "so what?" It matters because "[a] filing [merely] requires the physical delivery of the item to be filed to the proper official." *L.J. Smith, Inc. v. Harrison Cty. Bd. Of Revision*, 140 Ohio St.3d 114 (2014). *See also United States v. Lombardo*, 242 U.S.73, 76 (1916) (a filing connotes "'deliver[y] to the proper official and by him [sic] received and filed'"). Here, the relevant statute (R.C. 5717.05) does not dictate how that is to be accomplished; appellant could have done so by hand delivery, regular mail, certified mail, private or commercial delivery service, or any other way one

18

might imagine. In any case except one (hand delivery,) he would have relied on someone other than himself to accomplish the final step of the deed, and none of them were prohibited or mandated by statute. Here, appellant asserts that he relied on the United States Postal Service to do its job. Possibly it did not, or the Board thwarted its plan to do so by not responding to a notification. Had the Postal Service done its job, the notice would have been delivered; if it did not why should an otherwise faultless litigant be made to suffer the consequence of dismissal?

{¶72} These circumstances created a question of fact for the trial court to address and it did not. *See Stonehenge Condominium Ass'n v. Davis*, 10th Dist. Franklin No. 04AP-1103, 2005-Ohio-4637. (Where the record did not "contain normal evidence of successfully delivered certified mail – a *signed* return receipt. On the other hand, the record does not contain evidence showing a failure of certified delivery either. Accordingly, whether or not proper service was achieved was a question of fact for the trial court * * *." *Id.* at ¶ 15).

{¶73} This case similarly does not contain the normal evidence of successfully delivered certified mail or evidence showing a failure of delivery. Under these circumstances, the trial court should have taken evidence to discern whether there was a failure of service, a failure of timely filing, or a forgivable "glitch" in the system.

{¶74} Again, R.C. 5717.05 does not require filing a notice of appeal by certified mail or any other method. One might suppose that if appellant had proceeded with hand delivery all would be well, as neither the post office nor the clerk of courts nor the Auditor nor the Board would have controlled the fate of the intended delivery and filing. However, according to appellant, the County Auditor's online instructions for filing the notice of

19

appeal directed the viewer to file the notice of appeal with the Board of Revision by certified mail. If appellant is right, the instruction removed the only means he had to assure the completion of delivery himself.

{¶75} The same would be true had appellant brought the notice directly to the post office for certified mailing instead of having the clerk of courts do it.

{¶76} Another issue worthy of a hearing below (although not a factual one) should have been whether a County Auditor can mandate a method for filing a notice of appeal that the legislature has not.

{¶77} Appellant filed the notice of appeal with the court of common pleas and instructed the Clerk of Courts to serve the Board via certified mail. While this was not strictly necessary, had the certified mail service copy arrived at the Board office, it would have constituted effective filing of the notice of appeal since all the law requires is "physical delivery of the item to be filed to the proper official." *L.J. Smith*, *supra*.

{¶78} While it is possible that the post office simply lost both items in the mail, it is also possible that the certified letters were in fact delivered but lost internally. It is possible that COVID-19, the local Post Office policy, or Board action or inaction caused the mail to not be delivered at all. It is also possible that the letter was physically delivered (or retrieved) and that these forces resulted in appellant's notice of appeal being received but not correctly filed with the Board. If the latter is the case, it would be a mischief on appellant's due process rights to bar him from pursuing his appeal.

{¶79} Given the Auditor's (asserted) written online instructions to file the notice by certified mail, the peculiar interplay of COVID-19, the open question of the Post Office's delivery policy to County buildings, and the possibility that the Board's action or inaction

20

could have influenced when – or if – it received appellant's certified mail, I can envision a scenario wherein the Board could, in effect, thwart the filing of a notice of appeal.

**{¶80}** While I do not claim to know that this is what happened, the possibility for abuse is real and appellant should be afforded the opportunity to develop the underlying facts through an evidentiary hearing.

**{¶81}** Without such an evidentiary hearing, I am left to wonder whether the Auditor provided incorrect online instructions for filing and essentially granted itself and the Board the ability to choose when to receive certified mail deliveries. If so, they both seized the power to evade receipt of the filing of appeals from its decisions.

**{¶82}** I am aware of the many decisions holding that "failure to comply with…dual filing requirements, including the time limits for filing an appeal 'is fatal to the appeal.'" *See Ross v. Cuyahoga Cty Bd. Of Revision*, 155 Ohio St.3d 373, 376 (2018) (*quoting Hope v. Highland Cty. Bd. Of Revision* 56 Ohio St.3d 68 (1990)). However, unlike in *Ross*, where "nothing" alleged in the brief "could demonstrate that they perfected their appeal," appellant here could demonstrate that he did perfect his appeal. *Id.* at 377. As in *Stonehenge Condominium*, 2005-Ohio-4637, the record here does not contain the normal evidence of successfully delivered certified mail, nor does it contain evidence showing a failure of certified delivery either. *See Id.* at ¶ 15. Therefore, there is a question of fact for the trial court to determine whether appellant did successfully file his appeal with the Board.

**{¶83}** Dismissal may be the ultimate outcome here, but without a hearing to address the matters described above, we cannot know, and the result would be a system or process that, by whatever means, places in the hands of an allegedly aggrieving party,

21

or a tribunal that may have been wrong, the means by which to thwart review of their actions, inaction, or decisions. That would be not only flawed, but unfair.

{¶84} Since I can envision facts which, if proven, would establish that the Board and Auditor did receive the notice of appeal, or did not because of their own or the postal service's inaction or failings, I respectfully dissent.

Case No. 2021-A-0038