[Cite as *Holloway v. Mackey*, 2025-Ohio-1118.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| CASE HOLLOWAY, | **CASE NO. 2025-A-0006** |
| Petitioner, | |
| - vs - | Original Action for Writ of Habeas Corpus |
| MISTY MACKEY, WARDEN, | |
| Respondent. | |

**P E R  C U R I A M**
**O P I N I O N**

Decided: March 31, 2025
Judgment: Petition dismissed

*Case Holloway*, pro se, PID# 804828, Lake Erie Correctional Institution, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Andrew R. Lindhome*, Assistant Attorney General, Criminal Justice Section, 8040 Hosbrook Road, Suite 300, Cincinnati, OH 45236 (For Respondent).

PER CURIAM.

{¶1} On January 28, 2025, Petitioner, Case Holloway, filed a Petition for Writ of Habeas Corpus, seeking immediate release from imprisonment from the Lake Erie Correctional Institution, Conneaut, Ohio. Petitioner contends that he is being wrongfully imprisoned because the trial court lacked subject matter jurisdiction over his case and his sentence is facially void.

{¶2} On February 28, 2025, Respondent, Misty Mackey, Warden of the Lake Erie Correctional Institution, filed a Motion to Dismiss Petitioner's Writ of Habeas Corpus. Petitioner has not responded in opposition to the Motion to Dismiss.

{¶3} Habeas corpus is an extraordinary writ and is not available when the petitioner has an adequate remedy at law. *In re Coleman*, 2002-Ohio-1804, ¶ 4. A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. "Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. And in those circumstances, the writ is not available when there is an adequate remedy in the ordinary course of the law." (Citation omitted.) *Steele v. Harris*, 2020-Ohio-5480, ¶ 13.

{¶4} Respondent moves to dismiss under Civ.R. 12(B)(1). "The relevant inquiry is 'whether any cause of action cognizable by the forum has been raised in the complaint.'" *Van De Hey v. Ashtabula Cty. Aud.*, 2023-Ohio-346, ¶ 27 (11th Dist.), quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). In determining whether a cause of action can withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations contained in the complaint and "'may consider material pertinent to such inquiry without converting the motion into one for summary judgment.'" *Kinder v. Zuzak,* 2009-Ohio-3793, ¶ 10 (11th Dist.), quoting *McHenry v. Indus. Comm. of Ohio*, 68 Ohio App.3d 56, 62 (4th Dist. 1990). There is no "'presumptive truthfulness'" that

2

attaches to the plaintiff's allegations, and "the court is not required to take the allegations in the complaint at face value." *Jones v. Ohio Edison Co.*, 2014-Ohio-5466, ¶ 7 (11th Dist.), quoting *Mortensen v. First Fed. S. & L. Assn.*, 549 F.2d 884, 891 (3d Cir. 1977).

{¶5}   R.C. 2725.03 provides

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

"In applying this statute, this court has concluded that its basic requirements are jurisdictional in nature." *Christian v. Gansheimer*, 2007-Ohio-6012, ¶ 5 (11th Dist.).

{¶6}   In *Lopez v. Warden, Trumbull Corr. Inst.*, 2017-Ohio-7460 (11th Dist.), the petitioner brought his habeas corpus action in the proper venue. *Id.* at ¶ 6. However, he was later transferred to Madison County, within the territorial boundaries of the Twelfth Appellate District. *Id.* We held that the petitioner's transfer "divested this court of jurisdiction" and the Court lacked the power to transfer the case to the proper venue. *Id.* at ¶ 6-7. We held that the remedy was for the petitioner to file a new petition in the proper venue, naming the proper respondent. *Id.* at ¶ 7.

{¶7}   In this case, Respondent's Motion to Dismiss states that although Petitioner was previously housed at the Lake Erie Correctional Institution under Respondent's custody, Petitioner's custody has since been transferred to the Lebanon Correctional Institution. The Ohio Department of Rehabilitation & Correction's Offender Search website confirms that Petitioner is currently incarcerated at the Lebanon Correctional Institution. Ohio Department of Rehabilitation & Correction, *Offender Search*,

3

Case No. 2025-A-0006

https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A804828 (accessed March 18, 2025); *see State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 2 (taking judicial notice of the Ohio Department of Rehabilitation & Correction's Offender Search website).

{¶8} As in *Lopez*, Petitioner did file his original action in the correct venue. However, since the time of his filing, he has been transferred out of the jurisdiction of the Eleventh District Court of Appeals. Petitioner is now incarcerated in Warren County, Ohio, within the jurisdiction of the Twelfth District Court of Appeals. As such, this Court is divested of jurisdiction.

{¶9} Accordingly, Petitioner's Petition for Writ of Habeas Corpus is dismissed.


ROBERT J. PATTON, P.J., JOHN J. EKLUND, J., EUGENE A. LUCCI, J., concur.