HOLM et al., Appellants,

v.

CLARK COUNTY AUDITOR et al., Appellees.

[Cite as *Holm v. Clark Cty. Auditor,* 168 Ohio App.3d 119, 2006-Ohio-3748.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2005CA117.

Decided July 21, 2006.

Duane T. Holm, for appellants.

Elizabeth H. Smith, Clark County Assistant Prosecuting Attorney, for appellee Springfield Township & Trustees.

William D. Hoffman, for appellee Clark County Board of Revision.

GLASSER, Judge.

{¶ 1} This matter is before the court on the pro se notice of appeal of Duane Holm, filed May 13, 2005. The events giving rise to this matter began when Holm, individually and as the representative of the estate of his parents, filed a complaint on February 8, 2005, with the Clark County Auditor and Board of Revision regarding the value of a piece of property located at 2814 W. National Road, in Clark County. Holm previously purchased the property from his parents, who held the property as tenants in common. The sale was accomplished in two stages, half in August and half in November of 2004, for a total purchase price of $20,000. The board held a hearing on the complaint, and it then adjusted the total valuation of the property for tax purposes from $42,850 to $20,120. Holm then individually and as the representative of his parents' estate filed a complaint in the Clark County Court of Common Pleas, appealing the determination by the board as to the value of the property. The complaint also sought injunctive relief and damages against the township of Springfield and its board of trustees. Finally, the complaint asserted claims of appropriation and substantive and procedural due process violations and equal-protection violates against the township of Springfield and its board of trustees. The trial court affirmed the board's determination as to the value of the property, and it dismissed the claims against the township and the board of trustees. It also determined that Holm's parents' estate did not have standing to sue.

{¶ 2} Holm asserts eight assignments of error. For reasons that will be made clear below, we need not address each assigned error individually.

### I. The Township of Springfield and its Board of Trustees

{¶ 3} As to these appellees, the trial court determined that Holm improperly combined his claims against them with his appeal of the board's decision. Since "these are separate and distinct matters," the trial court determined that they "must be considered separately." We agree. See *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 613 N.E.2d 580 ("[A]ppellant did not separate its appeal and its complaint for declaratory judgment; therefore, the complaint should have simply been dismissed prior to any determination regarding appellant's exhaustion of remedies and/or the appropriateness of its arguments"). We note that Holm filed a separate action against these appellees in the Clark County Court of Common Pleas on November 2, 2005, asserting the same claims that the trial court dismissed herein. Since the trial court properly dismissed Holm's claims against these appellees, and since Holm refiled those claims in a separate action, discussion of Holm's assigned errors as to these appellees is unnecessary. Holm's assignments of error relating to the Township and Board of Trustees are overruled.

### 2. The Board

{¶ 4} We note initially that Holm failed to file a notice of appeal with the board. "[A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed * * *." R.C. 5717.05. "[A]n appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements." *Great N. Partnership v. Cuyahoga Cty. Bd. of Revision* (July 19, 1990), Cuyahoga App. No. 57277, 1990 WL 100445. "[T]he filing of a notice of appeal with the board is jurisdictional, and not merely procedural." Id.

{¶ 5} Since it did not receive a notice of appeal, the board did not certify to the trial court "a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint," as R.C. 5717.05 requires. In the absence of a response from the board, Holm moved the trial court to grant a default judgment in his favor. In its response to the motion for default judgment, the board's only appearance before the trial court, dated June 28, 2005, the board argued that Holm's appeal was premature and should be dismissed.

{¶ 6} We note that the trial court did have the benefit of the full record before it when it affirmed the board's decision. Holm filed, and the trial court granted, a motion to admit self-authenticated documents into the record. The document purporting to certify the transcript of the record, dated July 21, 2005, is addressed to the Board of Tax Appeals, and it states that a copy of the notice of appeal has not been received by the board.

{¶ 7} Since Holm did not perfect his appeal, the trial court lacked jurisdiction to affirm the board's decision. The judgment of the trial court is reversed, and the cause is remanded with instructions to dismiss the underlying matter for lack of jurisdiction. Holm's assignments of error as to the board are overruled.

Judgment reversed<br>and cause remanded.

WOLFF and FAIN, JJ., concur.

GEORGE M. GLASSER, J., retired, of the Sixth District Court of Appeals, sitting by assignment.