[Cite as *M&F Lexington, L.L.C. v. Franklin Cty. Bd. of Revision*, 2019-Ohio-2022.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| M&F Lexington, LLC, | : | |
| Plaintiff-Appellant, | : | No. 18AP-939 |
| | | (BTA No. 2018-1311) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Franklin County Board of Revision et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

---

### D E C I S I O N

**Rendered on May 23, 2019**

---

**On brief**: *Paul Jones Law, LLC*, and *Paul M. Jones*, for appellant. **Argued**: *Paul M. Jones*.

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *William J. Stehle*, for appellees Franklin County Board of Revision and Franklin County Auditor.

**On brief**: *Rich & Gillis Law Group*, and *Mark H. Gillis*, for appellee Board of Education of the Hilliard City School District. **Argued**: *Mark H. Gillis*.

---

APPEAL from the Ohio Board of Tax Appeals

BROWN, J.

{¶ 1} M&F Lexington, LLC, plaintiff-appellant, appeals the decision and order of the Ohio Board of Tax Appeals ("BTA"), in which the BTA granted the motion to dismiss filed by the Franklin County Auditor and Franklin County Board of Revision ("BOR"), defendants-appellees.

{¶ 2}    For purposes of this appeal, the underlying factual details of the case are not relevant. On August 13, 2018, the BOR mailed a decision to the parties. R.C. 5717.01 provides an appeal may be taken from a BOR decision by filing a notice of appeal with the BTA and the BOR within 30 days after the mailing of the BOR decision, and explains when a notice of appeal will be deemed filed depending on the method of delivery. Thus, appellant had until Wednesday, September 12, 2018 to file its notices of appeal.

{¶ 3}    On September 12, 2018, appellant filed an appeal with the BTA through its electronic filing system. On the same day, a paralegal employed by appellant's counsel, Mandy Jonte, "mailed" a copy of the notice of appeal to the BOR. Although the record is not clear, it appears Jonte meant she "mailed" the notice via First Class United States Postal Service ("U.S.P.S.") mail. On Monday, September 17, 2018, the BOR received the copy of the appeal.

{¶ 4}    On September 27, 2018, appellees filed a motion to dismiss with the BTA, claiming appellant did not timely file its appeal with the BOR. On November 7, 2018, the BTA granted appellees' motion to dismiss, finding appellant failed to demonstrate it filed its appeal with the BOR in a timely manner. Appellant appeals the BTA's decision, asserting the following assignments of error:

> [I.]    The BTA erred in dismissing the Appeal because, together, the County Appellees' Affidavit of Haley Callahan and the Appellant's Affidavit of Mandy Jonte prove that the Appeal was filed with the BOR on September 12, 2018.

> [II.] The County Appellees' Motion to Dismiss was devoid of legal authority supporting its position and the legal authority relied upon the BTA in its Decision is distinguishable from this case.

{¶ 5}    We will address appellant's first and second assignments of error together, as they are related. An appellate court may reverse a BTA decision only "when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Witt Co. v. Hamilton Cty. Bd. of Revision*, 61 Ohio St.3d 155, 157 (1991). Thus, legal conclusions are reviewed de novo. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 7. As to factual findings, an appellate court may not substitute its judgment for that of the BTA. *Bethesda Healthcare, Inc. v. Wilkins*, 101 Ohio St.3d 420, 2004-Ohio-1749, ¶ 18. However, facts determined by the BTA must be

supported by sufficient probative evidence. *First Baptist Church of Milford, Inc. v. Wilkins*, 110 Ohio St.3d 496, 2006-Ohio-4966, ¶ 9.

{¶ 6} R.C. 5717.01 provides, in pertinent part:

> An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code. * * * Such appeal shall be taken by the filing of a notice of appeal, in person, or by certified mail, express mail, facsimile transmission, electronic transmission, or by authorized delivery service, with the board of tax appeals and with the county board of revision. If notice of appeal is filed by certified mail, express mail, or authorized delivery service as provided in section 5703.056 of the Revised Code, the date of the United States postmark placed on the sender's receipt by the postal service or the date of receipt recorded by the authorized delivery service shall be treated as the date of filing.

{¶ 7} " '[A]n appeal, the right of which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements.' " *Holm v. Clark Cty. Auditor*, 168 Ohio App.3d 119, 2006-Ohio-3748, ¶ 4 (2d Dist.), quoting *Great N. Partnership v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 57277 (July 19, 1990). " '[T]he filing of a notice of appeal with the Board is jurisdictional, and not merely procedural.' " *Id.*, quoting *Great N. Partnership* (referring to requirements under R.C. 5717.05 to file the notice of appeal with the BOR). Thus, when a party fails to perfect an appeal of a BOR decision by failing to file a notice of appeal, pursuant to R.C. 5717.01, the BTA lacks jurisdiction to review BOR's decision. *See id.* at ¶ 7 (referring to R.C. 5717.05).

{¶ 8} In the present case, the BOR mailed its decision on August 13, 2018. Pursuant to R.C. 5717.01, appellant had 30 days, until September 12, 2018, to file its notice of appeal with the BTA and the BOR. Appellant submitted a timely electronic appeal to the BTA on September 12, 2018. As mentioned above, according to Jonte's affidavit, she "mailed" a notice of appeal to the BOR on September 12, 2018. However, Jonte does not specify what method she used when she "mailed" the appeal. Appellant presented no evidence, and did not even allege, that it filed the appeal with the BOR via certified mail, express mail, or authorized delivery service and presented no evidence of a

sender's receipt from the United States Post Office or a date of receipt recorded by an authorized delivery service. Having presented no evidence of such, the date of receipt by the BOR, September 17, 2018, is deemed the date of filing. Accordingly, appellant's notice of appeal was filed with the BOR five days after the 30-day deadline imposed by R.C. 5717.01.

{¶ 9} Appellant's arguments in its assignments of error are not well-taken. Appellant argues the affidavits of Haley Callahan, the clerk of the BOR, and Jonte prove the appeal was filed with the BOR on September 12, 2018. Appellant claims Callahan's averment that the BOR received the appeal on September 17, 2018 was proof it was mailed on September 12, 2018 because this is the amount of time that it would normally take for U.S.P.S. mail to be delivered, i.e., three business days. However, these facts are irrelevant to the timeliness analysis under R.C. 5717.01. Despite the averments of Callahan and Jonte, appellant presented no "sender's receipt" showing the date of mailing via certified mail or express mail or the date of receipt recorded by an authorized delivery service. Without any sender's receipt or the date of receipt recorded by an authorized delivery service, the affidavits from Callahan and Jonte do not aid appellant's argument. *See, e.g.*, *Oak Hills Local School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 134 Ohio St.3d 539, 2012-Ohio-5750, ¶ 14-17 (the school board's failure to present the sender's receipt to support its claim regarding the time that its notices were mailed was a striking omission because R.C. 5717.01 specifically calls for reliance on the date of the United States postmark placed on the sender's receipt by the postal service; no weight was accorded to the extrinsic evidence of the affidavit of counsel's paralegal that indicated the time she placed the notice in the mail because the sender's receipt was not in the record).

{¶ 10} Insofar as appellant argues the BTA erred when it indicated appellant was required to prove not only that it sent the appeal to the BOR but also that the BOR received the notice, we find no error. Appellant contends Callahan's affidavit establishes the notice was received by the BOR. However, our reading of the BTA's decision was not that it found the BOR did not receive the notice, but that appellant failed to prove the BOR received the notice within the 30-day time limit in R.C. 5717.01. Because appellant did not file its notice via certified mail, express mail, or authorized delivery service, it was

incumbent on appellant to prove the notice was received by the BOR within 30 days. However, the record demonstrated the BOR did not receive the notice within 30 days.

{¶ 11} Furthermore, to the extent appellant believes the BOR's receipt of the notice on September 17, 2018 "proves" it filed the notice on September 12, 2018, this argument has two obvious shortcomings. First, appellant cites no definitive authority, or even an applicable presumption, that a letter received via first class U.S.P.S. mail on September 17, 2018 was necessarily mailed on September 12, 2018. Second, there is no provision in R.C. 5717.01 that provides a letter mailed via first class U.S.P.S. mail is deemed filed on the date of mailing. R.C. 5717.01 specifically provides provisions for delivery via certified mail, express mail, or authorized delivery service, but also requires a sender's receipt or the date of receipt recorded by the authorized delivery service. Thus, that the notice may have been "mailed" on September 12, 2018 is of no consequence for purposes of determining timeliness under R.C. 5717.01 because it was mailed via first class U.S.P.S. mail with no sender's receipt of any kind. For all the foregoing reasons, we find the BTA did not err when it found appellant's notice of appeal to the BOR was untimely filed. We overrule appellant's first and second assignments of error.

{¶ 12} Accordingly, we overrule appellant's two assignments of error. The decision and order of the Ohio Board of Tax Appeal is affirmed.

*Order affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____