[Cite as *Spencer v. Harrison Twp. Bd. of Trustees*, 2026-Ohio-46.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

MARK SPENCER,

Appellant,

v.

HARRISON TOWNSHIP BOARD OF TRUSTEES,

Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CA 0984**

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2024CVF30608

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Timothy J. Jeffries*, for Appellant and

*Atty. Tonya J. Rogers* and *Atty. Megan L. Haynam*, Baker Dublikar, and *Atty. Steven D. Barnett*, Carroll County Prosecutor, for Appellee.

Dated: January 8, 2026

**HANNI, J.**

{¶1} Appellant, Mark Spencer, (Appellant) appeals from a Carroll County Common Pleas Court judgment granting Appellee, Harrison Township Board of Trustees', (Township) motion to dismiss his administrative appeal. The Township passed Resolution 9-2-2024 (Resolution), which found that large rocks located on Appellant's property were in its right-of-way and constituted a public nuisance under R.C. 5571.14. The Resolution ordered Appellant to remove the rocks within 30 days or the Township would remove them and charge the expense as a tax lien on his property.

{¶2} Appellant asserts the trial court erred by finding the Resolution was not subject to its jurisdiction because it was a legislative act. He submits it was an administrative action because it seeks to enforce R.C. 5571.14 against him and it does not make new law. He also maintains the trial court erred in dismissing the parties' injunction claims because the court still had jurisdiction over those actions.

{¶3} We find that while the trial court erred in finding that the Township's actions in passing the Resolution were legislative, the court properly found it lacked subject matter jurisdiction over the appeal. The Township's actions were administrative, not legislative. R.C. 5571.14 allows the Township to pass a resolution declaring a public nuisance and ordering removal, but it does not require a hearing or the introduction of evidence before it may take such actions. Under R.C. 2506.01, a common pleas court has subject matter jurisdiction only over administrative actions that are quasi-judicial in nature, that is, that are similar to judicial proceedings, and require notice, a hearing, and presentation of evidence. The Township's actions here were not quasi-judicial.

{¶4} Further, because the trial court lacked subject matter jurisdiction, it also lacked subject matter jurisdiction over the parties' injunctions filed in this administrative case.

## FACTS AND PROCEDURE

{¶5} On September 18, 2024, the Township passed the Resolution ordering Appellant to remove large rocks from his property because they were located within the Township's right-of-way. The Resolution stated that the Township attempted to work with

Appellant for over a year, but he had not removed the rocks. The Resolution advised that the rocks constituted a public nuisance by interfering with or obstructing public travel on the road. It warned that if Appellant failed to remove the rocks within 30 days, the Township would have them removed and charge the cost as a tax lien on his property.

{¶6} The Resolution further provided that the Township was required to notify Appellant under R.C. 5571.14 of the obstruction and the necessity of its removal. The Resolution explained it was an emergency measure necessary to preserve public health, safety or welfare because it involved safe vehicle travel on township roads.

{¶7} On November 7, 2024, Appellant filed a Notice of Administrative Appeal in the trial court pursuant to R.C. 2505 and 2506 "on questions of law and fact." He also filed a motion to stay execution of the Resolution under R.C. 2505.09. He complained he did not receive notice or an opportunity to be heard at the meeting in which the Resolution was passed. He asserted he met with the Township in 2020 and they approved placement of the rocks and no accidents had occurred since that time.

{¶8} On November 20, 2024, the trial court granted Appellant's motion to stay.

{¶9} On December 9, 2024, the Township filed a motion to dismiss Appellant's administrative appeal and deny his motion to stay. The Township also filed for an injunction against Appellant under R.C. 3767 authorizing it to remove the rocks from Appellant's property and assess the costs to him.

{¶10} The trial court granted the Township's motion to dismiss the administrative appeal. The court found it lacked subject-matter jurisdiction because the Resolution was a legislative act and not an administrative decision subject to administrative appeal to the court under R.C. 2506. The trial court also dismissed the parties' requests for injunctions on the basis that it lacked jurisdiction.

{¶11} On January 6, 2025, Appellant filed a motion for de novo hearing under R.C. 2506.03. He asserted that the trial court's record lacked sworn testimony as required by R.C. 2506.03. He submitted he was not given notice or an opportunity to oppose the Resolution before it was passed. He requested a hearing.

{¶12} Appellant also filed an amended answer and counterclaimed for a declaration by the court that the rocks on his property were not a public nuisance. He additionally requested an injunction enjoining the Township from removing the rocks.

Case No. 25 CA 0984

{¶13} The trial court ordered the parties to brief the issue of whether the Township's action was an administrative action or a legislative action, which would determine whether the court had jurisdiction over the matter. Both parties filed briefs.

{¶14} On March 14, 2025, the trial court found the Township's Resolution was a legislative action and therefore not subject to its jurisdiction. The court found the Township was performing a routine road safety function and complied with the provisions of R.C. 5571.44(A). The court further found no dispute that the rocks were located in the Township's right-of-way.

{¶15} Consequently, the trial court held it had no jurisdiction over Appellant's notice of administrative appeal. It further held it had no jurisdiction over the Township's request for a permanent injunction and they therefore had to follow the remedies under R.C. 5571.14(A).

{¶16} On April 14, 2025, Appellant filed a notice of appeal to this Court. He also filed a motion to stay enforcement of the judgments rendered against him pending his appeal. The court stayed the judgments.

{¶17} In his first assignment of error, Appellant asserts:

**THE COURT ERRED IN FINDING THE APPELLEE'S ACTION OF PASSING THE RESOLUTION PURSUANT TO R.C. 5571.44 [sic] WAS A LEGISLATIVE ACT.**

{¶18} Appellant contends the trial court erred by dismissing his appeal because the Township's action was administrative and not legislative. He notes the parties were in discussions about removing the rocks when the Township passed the Resolution without notice or a hearing. He contends the Resolution made untrue factual findings that he was unable to contest. He submits the rocks on his property have not interfered with, endangered, or obstructed public travel or maintenance of the public roads.

{¶19} Relying on the Ohio Supreme Court's test announced in *Donnelly v. City of Fairview Park*, 13 Ohio St.2d 1, 3 (1968), Appellant maintains the Township's actions in this case were administrative and not legislative because it enforced the law under R.C. 5571.14 by declaring the rocks a public nuisance, requiring their removal, and seeking to tax removal costs against his property. He notes this is the remedy provided by R.C. 5571.14 and thus the Township's actions were not merely making law.

Case No. 25 CA 0984

{¶20} The Township responds that R.C. 5571.14 grants it authority to declare public nuisances and remove those obstructing the public right-of-way. The Township contends this requires more than just administering the law as it grants authority for the Township to determine that a nuisance exists. The Township cites R.C. 2506.01 as allowing common pleas courts to review only those administrative decisions that result from quasi-judicial proceedings. It submits the statute does not provide for appeals of legislative actions or resolutions promulgated by an administrative body.

{¶21} Relying on *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 244 (2011), the Township submits that administrative proceedings are not quasi-judicial when they require no notice, hearing, or opportunity to introduce evidence. The Township contends that R.C. 5571.14 allows it to declare an object bounding a public road to be a public nuisance and to notify the owner to remove the nuisance within 30 days. It submits the statute does not require a hearing and gives the Township summary authority to remove the nuisance and tax the removal cost to the property if the owner fails to comply.

{¶22} We find the trial court erred by labeling the Township's Resolution a legislative act. However, we affirm the trial court's judgment because even though the Township's actions were administrative, they were not quasi-judicial in nature.

{¶23} We apply a de novo standard of review to a trial court's dismissal of a case based on a lack of subject-matter jurisdiction. *Wilson v. Ohio Dept. of Jobs and Family Servs.*, 2025-Ohio-1315, ¶ 13 (7th Dist.), citing *E. Ohio Regional Wastewater Auth. v. Util. Workers Union of Am., AFL-CIO, Local Union 436-A*, 2017-Ohio-9409, ¶ 17 (7th Dist.). A de novo standard requires this Court to independently review the trial court's judgment without any deference to the trial court's decision. *Mayhew v. Massey,* 2017-Ohio-1016, ¶ 12 (7th Dist.).

{¶24} Courts of common pleas have jurisdiction over administrative proceedings as provided by law. *Grater v. Damascus Twp. Trustees*, 2021-Ohio-1929, ¶ 15 (3d Dist.), citing *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-2742, ¶ 9 (10th Dist.) (quoting Ohio Constitution, Article IV, Section 4(B)). Accordingly, "[j]urisdiction over an administrative appeal must thus be granted by specific statutory authority." *Grater* at ¶ 15, quoting *Southworth v. Marion Twp. Bd. of Trustees,* 2016-Ohio-1005, ¶ 20 (4th Dist.).

{¶25} Appellant filed his Notice of Administrative Appeal under R.C. Chapters 2505 and 2506. Chapter 2505 provides the definitions and procedures for filing and perfecting an appeal, including administrative-related appeals. R.C. 2506 is entitled "Appeals from Orders of Administrative Officers and Agencies" and provides more specific provisions relating to administrative appeals.

{¶26} R.C. 2506.01(A) provides in relevant part that, "every final order, adjudication, or decision of any . . . board . . . of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code." R.C. 2506.01(C) defines "final order, adjudication, or decision" as one "that determines rights, duties, privileges, benefits, or legal relationships of a person . . . ." R.C. 2506.04 provides for appellate review of the trial court's decision. It states that any party may appeal the trial court's judgment on questions of law to the extent not in conflict with Ohio Revised Code Chapter 2505.

{¶27} However, Chapter 2506 confers common pleas courts with jurisdiction to review only administrative actions, not legislative acts. *Paquin v. Indian Hill*, 2024-Ohio-6078, ¶ 31 (1st Dist.), citing *Engelhart v. Hamilton Cty. Bd. of Commrs.*, 2016-Ohio-4935, ¶ 8 (1st Dist.) (citing *Osburn Towing v. Akron*, 2013-Ohio-5409, ¶ 9 (9th Dist.)). In order to determine whether a particular act is legislative or administrative, one looks to the process by which the decision was made and the process the government is required to follow. *Paquin* at ¶ 33. The legislative process focuses on developing generalized policy or law or the making of new policies and laws. *Id*. at ¶ 34, citing *Shaheen v. Cuyahoga Falls City Council*, 2010-Ohio-640, ¶ 23 (9th Dist.). The administrative process executes or administers existing laws. *Paquin* at ¶ 35, citing *Nyland v. Olmsted Falls City Council*, 2019-Ohio-4257, ¶ 12 (8th Dist.) (citing *Donnelly*, 13 Ohio St.2d at 4.)).

{¶28} Further, R.C. 2506.01 allows an aggrieved party to appeal only administrative decisions "that result from a quasi-judicial proceeding in which notice, a hearing, and the opportunity for the introduction of evidence have been given." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* 2014-Ohio-4363, ¶ 33, quoting *AT & T Communications of Ohio, Inc. v. Lynch*, 2012-Ohio-1975, ¶ 8. The Ohio Supreme Court has limited the language of R.C. 2506.01(A) to only those administrative

acts quasi-judicial in nature. *Grater*, 2021-Ohio-1929, at ¶ 16, citing *M.J. Kelley Co. v. Cleveland,* 32 Ohio St.2d 150, 153 (1972). Thus, in order for a common pleas court to review an administrative decision, the agency must have acted "similarly to a court." *Id.*, quoting *Zangerle v. Evatt*, 139 Ohio St. 563 (1942) (Williams, J., concurring).

**{¶29}** An agency employs quasi-judicial authority when it exercises "'the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial.'" *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections,* 2008-Ohio-5093, ¶ 16, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 87 Ohio St.3d 184, 186 (1999). We look to the statute or ordinance involved when determining whether a proceeding is quasi-judicial. *Cleveland*, 2014-Ohio-4364, at ¶ 36. We do not look at the process that the agency administered, but rather, what the statute provides. When the statute does not require "notice, hearing, and an opportunity to present evidence, the proceedings are not quasi-judicial." *Id.*, citing *M.J. Kelley Co.* at paragraph two of the syllabus.

**{¶30}** The Township's passing of the Resolution in this case declared that the rocks on Appellant's property constituted a public nuisance. The Resolution notified Appellant of the nuisance and directed him to remove the rocks as required under R.C. 5571.14. R.C. 5571.14 provides in relevant part that:

**Object obstructing maintence may be declared public nuisance**

(A) A board of township trustees . . . may determine that an object bounding any township road . . . interferes with snow or ice removal from, the maintenance of, or the proper grading, draining, or dragging of the road, causes the drifting of snow on the road, or in any other manner obstructs or endangers the public travel of the road. The board or superintendent then may declare the object to be a public nuisance and order the owner . . . of the land on or bordering upon which the object is maintained to remove it within thirty days. If that person refuses or neglects to comply with the order, the board or superintendent shall have the object removed. The expense incurred in that removal shall be certified to the county auditor and entered on the tax duplicate against that land, to be collected in the same manner as other taxes.

. . .

(B)(3) Objects that may be declared to be a public nuisance under this section include a fence, post, pole, athletic or recreational apparatus, rock, or berm, any vegetation, or any other object identified by the board or superintendent as interfering with or obstructing the township road under division (A) of this section.

**{¶31}** The Resolution did not result from a proceeding in which notice, a hearing, or the opportunity to present evidence was required. Nothing in R.C. 5571.14 requires the Township to take these actions. R.C. 5571.14 required the Township to notify Appellant that it declared the rocks a public nuisance, he was required to remove the rocks within 30 days, and if he did not comply, the Township would have the rocks removed and charge Appellant's property for the cost or removal.

**{¶32}** Accordingly, we find that the Township's actions in passing the Resolution were administrative, not legislative. However, while the trial court erred in labeling the Township's action legislative, its result in finding that it lacked subject matter jurisdiction over the appeal was correct. The court lacked subject-matter jurisdiction because the Township's Resolution was not an administrative action that was quasi-judicial in nature.

**{¶33}** Accordingly, we find that Appellant's first assignment of error lacks merit and is overruled.

**{¶34}** In his second assignment of error, Appellant asserts:

**THE COURT ERRED IN DISMISSING THE OTHER CLAIMS FOR INJUNCTION PENDING BEFORE IT.**

**{¶35}** Appellant contends that even if the trial court correctly dismissed his administrative appeal based on a lack of subject-matter jurisdiction, the court still retained jurisdiction over the parties' declaratory judgment actions and injunctions filed in the same case. He relies on the Ohio Supreme Court's holding in *Solly v. Toledo*, 7 Ohio St.2d 16, 36 (1966) for support.

**{¶36}** First, *Solly* is distinguishable from the instant case. *Solly* involved the City of Toledo's demolition of two houses owned by Solly. The instant case concerns a Resolution requiring Appellant to remove rocks along the Township's right-of-way

Case No. 25 CA 0984

because they constitute a public nuisance. It does not concern the permanent destruction and damage of Appellant's property.

**{¶37}** Second, Appellant here filed an administrative appeal under R.C. 2506.01. The common pleas court found that it lacked subject matter jurisdiction over the appeal and we agree, although for a different reason. The Court in *Solly* did hold that a plaintiff has no duty to bring an action enjoining the demolition of her property and is not prevented from recovering damages caused by the demolition. *Id.* at 21, citing *Moll Co. v. Holstner*, 67 S.W.2d 1.

**{¶38}** While a plaintiff does not have a duty to bring such an action, a plaintiff who does bring a cause of action has the duty to bring the proper action to the common pleas court. We held above that the common pleas court lacked jurisdiction over Appellant's administrative appeal because the Township's action was not a quasi-judicial administrative action. Appellant's claims for declaratory judgment and an injunction are therefore filed in an action that is not within the scope of the trial court's jurisdiction. Both Appellee and Appellant have brought ancillary claims via an improper legal mechanism. A common pleas court's jurisdiction is very narrow as to administrative appeals, and a common pleas court has no jurisdiction over an administrative action that is not quasi-judicial in nature. As explained in *Grater*, 2021-Ohio-1929, at ¶ 24 (3d Dist.):

> courts have consistently concluded that requests for injunctive relief cannot be combined with an administrative appeal and must be filed in a separate action. *E.g., Holm v. Clark Cty. Auditor,* 168 Ohio App.3d 119, 2006-Ohio-3748, ¶ 1, 3 (2d Dist.); *Summit Cty. Bd. of Health v. Pearson*, 9th Dist. Summit No. 22194, 2005-Ohio-2964, ¶ 7-9; *Pullin v. Hiram*, 11th Dist. Portage No. 2001-P-0146, 2003-Ohio-1973, ¶ 28. Furthermore, courts have suggested that this is true even if the trial court did not have subject-matter jurisdiction over the administrative appeal with which the request for injunctive relief was combined. *See Holm* at ¶ 3-7 (holding that the trial court correctly dismissed a request for injunctive relief combined with appellant's administrative appeal though the trial court did not have jurisdiction over the appeal*); see also Garrett v. Columbus Civ. Serv. Comm.,* 10th Dist. Franklin No. 10AP-77, 2010-Ohio-3895, ¶ 18-20, 23-24

(concluding that the trial court did not err by refusing to allow appellant to add a request for declaratory judgment to his administrative appeal despite the fact that the trial court lacked subject-matter jurisdiction over the appeal).

{¶39} Thus, administrative appeals filed under R.C. 2506 must be separate from other requests for relief, such as injunctions, because the scope of the trial court's jurisdiction is limited under R.C. 2506. Accordingly, Appellant and Appellees' claims for declaratory judgment and/or injunctions are improper through this administrative appeal.

{¶40} In summary, we find no merit to Appellant's first assignment of error because the trial court lacked subject-matter jurisdiction over the Township's Resolution as it was an administrative action that was not quasi-judicial in nature. We further find no merit to Appellant's second assignment of error because a common pleas court lacking subject matter under R.C. 2506 cannot retain such jurisdiction over ancillary claims.

{¶41} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**